Amiad Kushner
Jacob K. Jou
Dov B. Gold
SEIDEN LAW GROUP LLP
322 Eighth Avenue, Suite 1704
New York, NY 10001
Telephone: (646) 766-1914

*Attorneys for Lior Dagan as Foreign Representative of*
*Michael David Greenfield (a.k.a. Michael Ben-Ari)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| *In re*: | Chapter 15 |
| MICHAEL DAVID GREENFIELD<br>*a.k.a.* MICHAEL BEN-ARI | Case No. _____ |
| Debtor in a Foreign Proceeding. | |

**VERIFIED PETITION UNDER CHAPTER 15 FOR**
**RECOGNITION OF A FOREIGN MAIN PROCEEDING AND RELATED RELIEF**

Lior Dagan ("**Dagan**"), in his capacity as the court-appointed trustee and a duly authorized foreign representative (the "**Foreign Representative**" or "**Trustee**") of Michael David Greenfield ("**Greenfield**," a.k.a. Michael David Ben-Ari,[1] or the "**Debtor**") and EGFE Israel Ltd. (the "**Company**"), debtors in consolidated insolvency proceedings (the "**Israeli Proceeding**s")[2] under the State of Israel's Insolvency and Economic Rehabilitation Law, 5778-2018 (the "**Insolvency Act**") pursuant to insolvency orders (the **"Insolvency Orders"**) issued by the District Court for the District of Tel Aviv-Yafo (the "**Israeli Court**") dated May 12, 2021 for the Company and May 26, 2021 for Greenfield personally (the "**Greenfield Order,**" in the "**Greenfield Proceeding**"),

---

[1] Michael David Greenfield uses the name Michael Ben-Ari in Israel.
[2] Greenfield's insolvency proceeding was consolidated with the Company's insolvency proceeding on May 20, 2021, and managed in a consolidated manner thereafter.

by and through his undersigned counsel, respectfully submits this *Verified Petition Under Chapter 15 for Recognition of Foreign Main Proceeding and Related relief* (the "**Verified Petition**" and together with the Official Form 401 Petition filed contemporaneously herewith, the "**Chapter 15 Petition**") seeking entry of an order substantially in the form of **Exhibit A**:

(i) recognizing the Greenfield Proceeding as a "foreign main proceeding" under sections 1515 and 1517 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "**Bankruptcy Code**"), or in the alternative, as a foreign nonmain proceeding;

(ii) recognizing the Trustee as the Foreign Representative of the Debtor;

(iii) giving full force in the United States to the Greenfield Order, including any extensions or amendments thereof authorized by the Israeli Court;

(iv) granting related relief upon recognition of the Greenfield Proceeding as a foreign main proceeding pursuant to section 1520 of the Bankruptcy Code, and relief upon recognition as a foreign main or nonmain proceeding pursuant to section 1521(a)(1)-(3), to the extent not already granted pursuant to section 1520;

(v) granting the Foreign Representative the authority to examine witnesses, take evidence, and obtain information concerning the Debtor's assets, affairs, rights, obligations, or liabilities under section 1521(a)(4) of the Bankruptcy Code;

(vi) entrusting the administration or realization of all of the Debtor's assets within the territorial jurisdiction of the United States to the Foreign Representative under section 1521(a)(5) of the Bankruptcy Code; and

(vii) granting comity to and giving full force and effect to the Greenfield Proceeding, and such other relief as this Court may find just and proper,

In support of the Chapter 15 Petition, the Foreign Representative has filed concurrently

herewith (a) the *Declaration of Lior Dagan as Foreign Representative of Michael David Greenfield in Support of Its Verified Petition for Recognition of Foreign Main Proceeding and Granted Related Relief* (the "**Dagan Declaration**"), and (b) the *Declaration of Sivan Lev in Support of the Petition for Recognition of Foreign Main Proceeding and Related Relief* (the "**Lev Declaration**"), which are incorporated herein by reference.  The Foreign Representative respectfully states as follows:

<u>**JURISDICTION AND VENUE**</u>

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference issued by the United States District Court for the Southern District of New York dated as of January 31, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

2.      This Chapter 15 Case has been commenced properly pursuant to section 1504 of the Bankruptcy Code by the filing of the Chapter 15 Petition for recognition of the Greenfield Proceeding pursuant to section 1515 of the Bankruptcy Code.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1410(3), which provides that venue is proper in a district which is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative.  The Debtor is not a U.S. resident.  The Debtor's assets in the U.S. are spread across the country (including in New York County), but upon information and belief, the principal assets are bank accounts and investments held in New York County, in this district.  This District is a convenient venue for the Foreign Representative and will likely be convenient to creditors who might seek to exercise any rights, because of New York's centrality in international finance and commerce.

4.      The statutory predicates for the relief requested herein are sections 1515, 1517, 1520, and 1521 of the Bankruptcy Code.

## **BACKGROUND**

5.      Greenfield was born in the United States. Dagan Declaration ¶ 4.  In 1981, he moved to Israel, where he lived for the next thirty years.  *Id*.  Greenfield raised his three children in Israel and currently has two daughters and a granddaughter that live in Israel.  *Id*.  After moving to Israel, Greenfield started working at Bank Leumi as an investment consultant.  *Id*.  In 2004, he founded the Company as an Israeli based investment firm from which he managed client funds. The vast majority of his clients and creditors are located in Israel.  *Id*.

6.      As reflected in an Israeli Court decision dated May 12, 2021, Greenfield presented the Company to investors as an international firm that invested in low-risk, safe assets with positive yields.  *Id*. ¶ 5.  Some investors were promised a fixed monthly income, while other investors were promised annual interest at an extraordinary rate of up to 14% per annum.  *Id*.

7.      Greenfield represented to investors that he operated from 36 Shai Agnon Street in Tel Aviv, or 8 Maurizio Vitale Street, Tel Aviv.  *Id*. ¶ 6.  In fact, these are addresses of Greenfield's apartments; Greenfield did not have an office address.  *Id*.  In these apartments Greenfield orchestrated his business which is suspected of being one of the largest known Ponzi schemes in Israel.  *Id*.  Greenfield used new investor funds to pay the returns that he guaranteed to existing investors.  *Id*.  Greenfield successfully orchestrated this fraud scheme for over 15 years before it was exposed.  *Id*.

**Greenfield's Assets and Liabilities in the United States**

8.     Based upon the Trustee's investigation, Greenfield's principal assets in the United States are custodied at about ten investment firms and another ten banks and brokerages.[3] *Id*. ¶ 7. Many of these assets are located in New York. *Id*. Greenfield also directly owns EGFE USA LLC ("**EGFE USA**"), an entity incorporated in Delaware, which Greenfield appears to have used as an investment vehicle to deploy investor funds without any oversight. *Id*. EGFE USA is held separately from the Company[4] although it shares the EGFE name. *Id*. Discovery will be required to understand the full scope and locations of Greenfield's assets in the U.S. *Id*.

9.     Greenfield has made substantial payments to his family members or their creditors. *Id*. ¶ 8. Indeed, upon information and belief, since the time the Greenfield Proceeding was initiated, Greenfield has been secreting assets to third parties, including but not limited to family members and nominees who in prior years received ill-gotten gains from the fraud. *Id*. This was done in violation of the Greenfield Proceeding's orders to refrain from acting without the approval of the Trustee or the Israeli Court. *Id*.

10.    For example, after a criminal investigation began in Israel in or before April 2021 (as described further below), Greenfield paid two investors a total of $500,000 from an account in Austria, transferred $58,900 from his bank account in Hungary to his ex-wife (through an account in Turkey related to her current partner), and made transfers totaling hundreds of thousands of dollars from his U.S. accounts to various third parties, including family members in the U.S. In

---

[3] The complete list of known potential assets is included in Schedule 1 to the Petition [ECF No.1].

[4] 95% of the Company's shares are held by Greenfield with the remainder owned by his brother, Laurence Greenfield.

addition, in violation of the orders of the Israeli Court and without the permission of the Trustee, *Id*. ¶ 9.  Greenfield has taken the following actions:

    a)   On June 30, 2021, Greenfield transferred his shares in a Montenegrin company called Uniprom Bentonite (held through Greenfield's holdings in another Montenegrin company named Mighty Monte Mine) to Uniprom, a company owned by a Montenegrin businessman and received shares in Uniprom White Bauxite, another Montenegrin company;

    b)   Disobeyed the Trustee's requests and demands to turn over all information and documents in his possession concerning his own and the Company's assets;

    c)   Disobeyed the Trustee's requests and demands to cease and desist disposing of his and the Company's assets without the Trustee's approval; and

    d)   Violated his house arrest terms set by the criminal Magistrate Court of Tel Aviv-Yafo and fled Israel.  *Id*.

11.    By engaging in this conduct and refusing to place at the Trustee's immediate disposal the records, funds, and other assets of himself and the Company, Greenfield has injured, and continues to substantially injure creditors and impaired the Trustee's ability to recover value for them.  *Id*. ¶ 10.  There is a material risk that Greenfield will continue to engage in further unauthorized transactions given the significant amounts of investor funds at issue.  *Id*. Due to the nature of the complex and massive cross-border fraud orchestrated by Greenfield, the Trustee has been granted broad investigative powers as well as the power to initiate proceedings on behalf of the Greenfield and the Company in Israel or outside Israel.  *Id*. ¶ 10 & n.10.

12.    By this Petition, the Trustee seeks to be afforded similar, broad discovery powers in the U.S. to trace assets and identify any of Greenfield's co-conspirators in addition to those

identified in Schedule 1 to the Petition [ECF No.1]. *Id.* ¶ 10. Similar to the powers granted to the Trustee in Israel, this Petition seeks authority for the Trustee to restrain and seize any assets of Greenfield that are discovered in the U.S. in addition to those identified in Schedule 1 to the Petition [ECF No.1]. *Id.*

**Events Leading up to the Israeli Proceedings**

13.     In or before April 2021, the Israel Securities Authority launched an investigation into Greenfield and the Company which included the following potential violations under Israeli law:

a)   Violations of Israel's Securities Law;

b)   Creating an arrangement for joint investments in securities in violation of law, offering units of a fund to the public without prospectus, and failing to comply with regulatory demands under Israel's Joint Investments Trust Law;

c)   Engaging in investment marketing and consulting without a license in violation of Israel's Regulation of the Practice of Investment Consulting, Investment Marketing, and Investment Portfolio Management Law;

d)   Suspected offenses of fraudulent possession, false entries in documents of a corporation, and obstructing justice in violation of Israel's Criminal Law; and

e)   Money laundering offenses under Israel's Prohibition of Money Laundering Law. *Id.* ¶ 11.

14.     On April 4, 2021, the existence of the investigation was revealed to the public. *Id.* ¶ 12. On April 6, 2021, Greenfield was arrested pursuant to a warrant and released by the criminal Magistrate Court of Tel Aviv-Yafo to house arrest under restrictive conditions, which included depositing his passport and depositing a bank guarantee of Israeli new shekel ("**ILS**") 2 million. *Id.*

15.     Greenfield brazenly violated the restrictive conditions imposed on him and failed to appear for an additional examination at the Israel Securities Authority. *Id.* ¶ 13.  As was widely reported in Israel, Greenfield claimed that he fled Israel by using the fake identity of a man named Nahum Eisenstadt, a personal friend and investor. *Id.* The Israel Securities Authority has reported to the Trustee that the arrest warrant is now subject to an Interpol red notice. *Id.*

16.     At around this time, investors began to learn that investments had been fabricated by Greenfield. *Id.* ¶ 14.  For example, Greenfield had represented that the Company invested with Blue River Fund, an investment fund in the U.S. In response to investor inquiries the fund stated that since 2006 it had no relationship with the Company.  *Id.* The Trustee has learned from discovery taken in Israel that Greenfield sent forged bank statements signed by JPMorgan Chase Bank to U.S. investors to perpetuate the scheme. *Id.*

17.     On May 6, 2021, the applicants in the Israeli Proceedings were sent an email from one of Greenfield's email accounts, in which Greenfield claimed that he left Israel and that he would not return so long as the Israel Securities Authority refuses to accept his conditions.  *Id.* ¶ 15.  Greenfield further wrote that he indeed lied to the investors in connection with certain investments including the Blue River Funds, and then sent threatening messages to his creditors alleging that some of them invested unreported funds and that he would inform the Israeli Income Tax Authority if they brought legal action against him.  *Id.*  Greenfield's messages make clear that he has no intention to follow either the law or court orders specifically directed to him, and is instead seeking a mafia-style extortive "compromise" on his own terms.  *Id.*  Greenfield has indicated that he seeks to return to Israel but only when his conditions are met. *Id.* ¶ 15 & n.8.

18.     The applicants in the Israeli Proceedings then began to understand that they are victims in an extensive Ponzi scheme; Greenfield paid the guaranteed interest owed to investors

from the principal of new investors. *Id.* ¶ 16. The total investment taken by Greenfield is not yet known but is estimated to be ILS 300 to ILS 600 million; the applicants do not know what happened to the hundreds of millions of ILS that they transferred to Greenfield and the Company. *Id.* The applicants and the action committee that they established know of over 500 victims and allege that the average owed to each investor ranges from ILS 400,000 to ILS 1 million. *Id.* The investors have personal guarantees and promissory notes in scope of hundreds of millions of shekels that are signed by Greenfield. *Id.* The Trustee is concerned that these circumstances may cause creditors to seek prejudgment attachments and other remedies against Greenfield and his assets in the United States, thereby disrupting the Israeli Proceedings. *Id.*

**The Insolvency Proceedings Against the Company in Israel**

19.     On May 9, 2021, a group of over 300 investors filed an application to the Israeli Court (which has jurisdiction over corporate insolvency proceedings) for an order to initiate insolvency proceedings in the matter of EGFE Israel Ltd., and an application for stay of proceedings and for the appointment of a temporary trustee. *Id.* ¶ 17. Both applications were initiated under insolvency file 15599-05-21 (the "**Company Proceeding**"). *Id.*

20.     On May 10, 2021, the Israeli Court issued a stay of proceedings order against the Company and appointed the Trustee as the Company's temporary trustee. *Id.* ¶ 18.

21.     On May 11, 2021, Dagan filed an application for restraining orders on the Debtor's assets. *Id.* ¶ 19.

22.     On May 12, 2021, Dagan filed an application in the Company Proceeding asking the court to grant him investigative powers. *Id.* ¶ 20. The Court granted Dagan's request for investigative powers and issued restraining orders on Greenfield's assets. *Id.* The restraining orders were registered in Greenfield's bank accounts, insurance companies, real estate and other

9

assets in Israel. *Id*. In addition, the orders were served at various companies in which the Debtor held shares or interests. *Id*.

23.     On May 12, 2021, a hearing took place regarding the application for a permanent insolvency order in the matter of the Company, and the appointment of a permanent trustee. *Id*. ¶ 21. At the end of the hearing, the Israeli Court issued an order to initiate insolvency proceedings against the Company and appointed the Trustee as a permanent trustee. *Id*.

**The Insolvency Proceedings Against Greenfield in Israel**

24.     On May 19, 2021, the same group of creditors and additional creditors filed in the Magistrate Court of Tel Aviv-Yafo (which has original jurisdiction over individual insolvency proceedings) an application to initiate insolvency proceedings against Greenfield, and for the appointment of Dagan as a trustee. *Id*. ¶ 22. The application was initiated under insolvency file 36982-05-21 in the Greenfield Proceeding. *Id*.

25.     At the same time, the creditors filed an application for the consolidation of the Greenfield Proceeding and the Company Proceeding in accordance with section 280 of the Insolvency and Rehabilitation Law, 2018. *Id*. ¶ 23.

26.     On May 20, 2021, the Israeli Court issued orders approving the consolidation of the Greenfield and the Company proceedings and Dagan's appointment as Greenfield's temporary trustee. *Id*. ¶ 24.

27.     On May 26, 2021, a hearing took place in the application for a permanent insolvency order in the matter of Greenfield and the appointment of a permanent trustee. *Id*. ¶ 25. At the end of the hearing the court issued an order to initiate insolvency proceedings against Greenfield and appointed Dagan as permanent trustee. *Id*. Pursuant to the Insolvency Act, upon

issuing an order of insolvency against a debtor an automatic stay is triggered.[5]  Lev Declaration ¶ 13.

28.     On May 28, 2021, the court granted investigative powers to Dagan as trustee in the Greenfield Proceeding, and signed a decree on his investigative powers in both the Company's and the Greenfield proceedings.[6]  Dagan Declaration ¶ 26. The statutory moratorium does not have extra-territorial effect so as to be binding on U.S. courts.  Lev Declaration ¶ 14. This application for recognition under Chapter 15 is required, inter alia, in order to implement a similar moratorium in the U.S.  *Id.*

29.     On June 22, 2021, the Israeli Court issued a decree that granted the Trustee the power to take any action with respect to the Debtor's assets, as well as broad investigative powers with respect to both the Company and the Debtor, and the power to initiate legal proceedings on the Debtor's behalf inside or outside Israel.  *See* Attachment 1 to the Petition [ECF No.1].

30.     The Trustee subsequently carried out many investigative actions, including issuance of demands to Israeli banks, Greenfield's family members, business partners, and other third-parties for documents and information related to the Company's and Greenfield's bank

---

[5] This statutory moratorium automatically applies the following prohibitions: (i) a prohibition on initiating collection proceedings against the debtor on past debts or continuing collection proceedings that have not yet been completed; (ii) a prohibition on monetizing assets that are subject to liens or other kinds of pledges to secure the repayment of the debtor's past debts, except as permitted by the Insolvency Act; (iii) a prohibition on encumbering any assets of the debtor to secure the repayment of the debtor's debts or to taking any action concerning an encumbered asset which would grant the lien validity from the standpoint of third parties; (iv) a prohibition on imposing a lien on the debtor's assets; (v) a prohibition on initiating or pursuing any legal proceedings against the debtor except with the approval of the court which gave the insolvency order; (vi) a prohibition on charging the debtor any penalty on a debt that is in arrears, any similar fine or charge that the debtor would otherwise be required to pay due to its failure to timely pay its debts. Lev Declaration ¶ 13.

[6] The June 22, 2021 Israeli Court decree (Attachment 1 to the Petition [ECF No.1]) confirms these powers with respect to Greenfield.  *See* ¶ 8 thereof.

accounts and assets.   Dagan Declaration ¶ 27.  In addition, Dagan met with many related parties, and conducted depositions of parties related to Greenfield and the Company.  *Id*. ¶ 27.  This investigative process in Israel is ongoing.  *Id*.  The Foreign Representative respectfully submits that U.S. discovery will be required because many of Greenfield's assets, potential co-conspirators, and family are located in the U.S.  *Id*.

31.   The Trustee has informed the Israeli Court that he intends to seek Chapter 15 recognition in the U.S. and the Israeli Court has not objected to this exercise of this authority.  *Id*. ¶ 28.

## **RELIEF REQUESTED**

32.   The Foreign Representative seeks entry of an order of this Court, substantially in the form attached hereto as **Exhibit A**, granting the following relief:

a)   recognition of the Greenfield Proceeding as a "foreign main proceeding," as defined in section 1502(4) of the Bankruptcy Code, and in accordance with section 1517 of the Bankruptcy Code;

b)   recognition of the Trustee as "foreign representative" of Greenfield within the meaning of section 101(24) of the Bankruptcy Code and for all purposes, under chapter 15 of the Bankruptcy Code;

c)   all relief afforded to a foreign main proceeding or in the alternative a foreign non-main proceeding automatically upon recognition, including the "automatic stay" under section 362 of the Bankruptcy Code, as of right under section 1520(a) of the Bankruptcy Code, or, if not as of right, then as additional relief to the extent authorized by section 1521 of the Bankruptcy Code; and

d)   such other relief as this Court may consider just and proper.

33.     The Foreign Representative also seeks additional relief under section 1521 of the Bankruptcy Code, and, if and as necessary, Federal Rule of Civil Procedure 65, as made applicable through Rule 7065 of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules"), including, without limitation:

a)   authority for the Foreign Representative to examine witnesses, take evidence, and deliver information concerning the Company's assets, affairs, rights, obligations, or liabilities under section 1521(a)(4) of the Bankruptcy Code; and

b)   entrusting the administration or realization of all or part of the Company's assets within the territorial jurisdiction of the United States to the Foreign Representatives under section 1521(a)(5) of the Bankruptcy Code.

34.     The Foreign Representative reserves the right to request other, additional further relief or assistance as may be just and appropriate by further application.

## BASIS FOR RECOGNITION
## AND RELIEF REQUESTED

### The Petition Satisfies The Requirements of Chapter 15

35.     As a threshold matter, to be eligible for recognition under chapter 15 of the Bankruptcy Code, a company must first be eligible to be a debtor pursuant to section 109(a). Section 109(a) provides that "only a person that resides or has domicile, a place of business, or property in the United States, may be a debtor under this title." 11. U.S.C. § 109(a). Foreign debtors only need to have a minimal amount of property located in the United States. *See, e.g., In re B.C.I. Fins. Pty Ltd.*, 2018 Bankr. Lexis 1217 *11 (Bankr. S.D.N.Y. 2018). In this case, Greenfield is eligible as a debtor pursuant to section 109(a) because he has assets in the United States including (1) investment assets held in accounts with various banks and brokerages and (2) and a Delaware LLC.

36.     Section 1517(a) of the Bankruptcy Code provides that the Court shall enter "an order recognizing a foreign proceeding as a foreign main proceeding if (1) such foreign proceeding is a foreign main proceeding within the meaning of section 1502 [of the Bankruptcy Code], (2) the foreign representative applying for recognition is a person or body, and (3) the petition meets the requirements of section 1515" of the Bankruptcy Code.  11 U.S.C. § 1517; *In re Oversight & Control Comm'n of Avánzit, S.A.*, 385 B.R. 525, 532 (Bankr. S.D.N.Y. 2008).

37.     As set forth below, the Greenfield Proceeding should be recognized as a foreign main proceeding and the Insolvency Orders should be recognized and enforced because this chapter 15 case was properly commenced by a duly authorized foreign representative, the Greenfield Proceeding qualifies as a foreign proceeding, and the foreign proceeding is pending in the country where Greenfield has his center of main interests.

**The Greenfield Proceeding is a "Foreign Proceeding"**

38.     Section 101(23) of the Bankruptcy Code defines a "foreign proceeding" as:

> a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

11 U.S.C. § 101(23).

39.     As discussed in the Lev Declaration, the Greenfield Proceeding is a judicial proceeding brought under the Israeli Insolvency Act and is supervised by an Israeli court.  The Israeli Insolvency Act provides for a controlled procedure designed to maximize the value of Greenfield's assets, to realize these for the purpose of equitable distribution among his investors and  other creditors, and, where the claims of Greenfield's creditors have been satisfied in full, enable him to avoid liquidation and recover its solvency. There can be no doubt that the Greenfield

Proceeding qualifies as a foreign proceeding. The court in Israel has exercised its authority, held hearings and issued rulings (including the appointment of the Trustee as the Greenfield's trustee). Additionally, the Greenfield Proceeding is not for the benefit of a single creditor, but rather Greenfield's entire creditor body (i.e. all of his investors). Accordingly, the Greenfield Proceeding qualifies as a judicial proceeding in a foreign country.

40.     In addition to qualifying as a "foreign proceeding" under section 101(23), the Greenfield Proceeding qualifies as a "foreign main proceeding," which is defined in the Bankruptcy Code as "a foreign proceeding pending in the country where the debtor has the center of its main interests." 11 U.S.C. § 1502(4); *see also* 11 U.S.C. § 1517(b)(1) (providing that an order of recognition of a foreign main proceeding shall be entered if the foreign proceeding that is subject to the petition "is pending in the country where the debtor has the center of its main interests"). In the alternative the Greenfield proceeding qualifies as a foreign nonmain proceeding which is "a foreign proceeding, other than a foreign main proceeding, pending in a country where the debtor has an establishment." 11 U.S.C. § 1502(5). An establishment is defined as "any place of operations where the debtor carries out a nontransitory economic activity." 11 U.S.C. § 1502(2).

41.     The Bankruptcy Code does not define or provide a conclusive test for determining the location of a debtor's center of main interests ("**COMI**") or establishment. In the case of an individual, COMI is presumed to be the debtor's place of habitual residence. See 11 U.S.C. § 1516(c).

42.     Here, Greenfield's habitual residence and establishment for the past 30 years has been in Israel where his children and grandchild reside. Greenfield operated the Company from Israel since its founding, and the majority of his creditors and investors are located in Israel. Greenfield's flight from Israel occurred just prior to the Israeli Proceedings and he has indicated

to investors that he intends to return.  Accordingly, it is beyond dispute that Greenfield has his

COMI and/or an establishment in Israel.

**The Trustee Satisfies the Requirements of a "Foreign Representative" Under the Bankruptcy Code**

43.    The term "foreign representative" is defined in section 101(24) of the Bankruptcy

Code as follows:

> [A] person or body, including a person or body appointed on an interim basis authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding.

11  U.S.C. § 101(24).

44.    As set forth in the Insolvency Orders, the Trustee was appointed by the Israeli Court

in and is duly authorized to act as a trustee for Greenfield.  As a trustee, the  Trustee  is responsible

for, among other things, preserving the Greenfield's property, ascertaining the facts and evidence

for the issuance of an economic rehabilitation order for Greenfield, managing the assets of

Greenfield, and implement the economic rehabilitation order. *See* Lev Declaration ¶ 10.

Additionally, the Trustee is authorized by the Israeli Court "to initiate and/or join any legal

proceedings with respect to any legal proceeding filed and/or to be filed by or against the Debtor,

whether in Israel or outside Israel."  *See* June 22, 2021 Israeli Court decree (Attachment 1 to the

Petition [ECF No.1]) ¶ 7.

**The Petition Meets the Requirements of 11 U.S.C. § 1515**

45.    The third and final requirement for recognition of a foreign proceeding under

section 1517(a) of the Bankruptcy Code is that the petition for recognition meets the procedural

requirements of section 1515 of the Bankruptcy Code. 11 U.S.C. § 1517(a)(3).  Specifically,

section 1515 of the Bankruptcy Code provides that:

    i.    A petition for recognition shall be accompanied by—

      1.  a certified copy of the decision commencing such foreign proceeding and appointing the foreign representative;

      2.  a certificate from the foreign court affirming the existence of such foreign proceeding and of the appointment of the foreign representative; or

      3.  in the absence of evidence referred to in paragraphs (1) and (2), any other evidence acceptable to the court of the existence of such foreign proceeding and of the appointment of the foreign representative.

    ii.   A petition for recognition shall also be accompanied by a statement identifying all foreign proceedings with respect to the debtor that are known to the foreign representative.

    iii.  The documents referred to in paragraphs (1) and (2) of subsection (b) shall be translated into English. The court may require a translation into English of additional documents.

11 U.S.C. § 1515.

46.     Here, all of those procedural requirements have been satisfied.  In accordance with sections 1515(b)(1)-(2) and (d) of the Bankruptcy Code, the Foreign Representative has submitted documents, translated into English, which evidence the existence of the Israeli Insolvency Proceeding and the appointment of the Trustee as the foreign representative thereof.  *See* Attachment 1 to the Petition [ECF No.1].  Additionally, in accordance with section 1515(c) of the Bankruptcy Code, the Foreign Representative has stated that the Greenfield Proceeding and a pending (but not yet granted) motion for recognition of the Greenfield Proceeding in Montenegro are the only foreign insolvency proceedings currently pending with respect to Greenfield.  *See* Attachment 2 to the Petition [ECF No. 1] ¶ 3. Finally, pursuant to Bankruptcy Rule 1007(a)(4), the required lists and statements were included with the Petition.  *See* Attachment 3 to the Petition [ECF No. 1].

47.     As set forth above, each of the prerequisites to recognition under section 1517 has been met.  Accordingly, the Foreign Representative respectfully requests that the Court recognize (i) the Greenfield Proceeding as a foreign main proceeding and (ii) Dagan as a foreign representative.

**The Foreign Representative Is Entitled To Relief Under 11 U.S.C. § 1520**

48.     Upon recognition of the Greenfield Proceeding as a foreign main proceeding, section 1520 of the Bankruptcy Code prescribes certain forms of relief available to the Foreign Representative respecting the Debtor's property within the territorial jurisdiction of the United States.  Such relief is granted automatically as a consequence of recognition and requires no further showing by the Foreign Representative to obtain such relief.

49.     Specifically, section 1520 of the Bankruptcy Code provides for the following relief:

> 1.  sections 361 and 362 apply with respect to the debtor and the property of the debtor that is within the territorial jurisdiction of the United States;
> 2.  sections 363, 549, and 552 apply to a transfer of an interest of the debtor in property that is within the territorial jurisdiction of the United States to the same extent that the sections would apply to property of an estate;
> 3.  unless the court orders otherwise, the foreign representative may operate the debtor's business and may exercise the rights and powers of a trustee under and to the extent provided by sections 363 and 552; and
> 4.  section 552 applies to property of the debtor that is within the territorial jurisdiction of the United States
>
> 11 U.S.C. § 1520.

50.     Therefore, upon recognition, the Debtor is entitled to the benefit of the automatic stay provided under section 362(a) of the Bankruptcy Code in respect of all actions and proceedings with respect to the Debtor and, the Debtor's property in the United States.

**Additional Relief Under 11 U.S.C. § 1521 Is Necessary And Appropriate**

51.    In addition to the relief automatically provided by section 1520 of the Bankruptcy Code, section 1521 of the Bankruptcy Code provides that the court may grant a foreign representative "any appropriate relief" subject to certain limitations (which do not apply here) where necessary to effectuate the purpose of chapter 15. Such relief may "include," among other relief, the "providing for the examination of witnesses, the taking of evidence or the delivery of information concerning the debtor's assets, affairs, rights, obligations or liabilities." 11 U.S.C. § 1521.

52.    Courts have held that section 1521(a)(4) provides for not only the examination of witnesses but the production of documents. *See In re Pro-Fit Holdings Ltd.*, 391 B.R. 850, 860 (Bankr. C.D. Cal. 2008) (relief under section 1521(a)(4) "includes the examination of witnesses pursuant to Rule 2004 and the delivery of information concerning the debtor's assets, affairs, rights, obligations or liabilities[.]");[7] *In re SPhinX Ltd.*, 351 B.R. 103, 113 (Bankr. S.D.N.Y. 2006) (recognizing various forms of relief available to a foreign representative in chapter 15 proceedings, including "the examination of witnesses and the delivery of information"); *see also* 8 Collier on Bankruptcy ¶ 1521.02 (16th ed. rev. 2012) ("Subsection 1521(a)(4) enables discovery.").

---

[7] Bankruptcy Rule 2004 provides an additional ground for seeking discovery in a chapter 15 proceeding.
In re Glitnir banki hf., No. 08-14757 (SMB), 2011 WL 3652764, at *6 (Bankr. S.D.N.Y. Aug. 19, 2011). The purpose of a Rule 2004 examination is to aid in the discovery of assets and any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation. In re Ionosphere Clubs, Inc., 156 B.R. 414, 432 (S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994). In the context of a chapter 15 case, the scope of an examination, under Rule 2004 is set forth in section 1521(a)(4). In re Glitnir banki hf., No. 08-14757 (SMB), 2011 WL 3652764, at *6.

53.    Accordingly, the Foreign Representative seeks authority, upon recognition of the Greenfield Proceeding, authority to undertake the examination of witnesses, the taking of evidence, the production of documents, or the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Debtor in the United States (*see* 11 U.S.C. §§ 1519(a)(3); 1521(a)(4)).  This includes authority to take discovery of all entities related to, affiliated with, owned, or controlled by Greenfield, including EGFE USA LLC, Greenfield's family and certain potential accomplices.  As set forth above, Greenfield and his accomplices may have unlawfully transferred, directly or indirectly, money and other assets held with persons or entities in the United States or have used banks in the United States to channel such money to other jurisdictions. Consequently, discovery in the United States is necessary to find and recover Greenfield's assets for the benefit of his investors and other creditors. The issuance of a subpoena compelling the production of documents and the attendance at a deposition by parties who have, or may have, knowledge of the whereabouts of estate assets is consistent with the fundamental policies of the Israeli Insolvency Act and the Bankruptcy Code.

## SATISFACTION OF LOCAL BANKRUPTCY RULE 9013-1(a)

54.    This Verified Petition contains citations to the relevant authorities and therefore satisfies Rule 9013-1(a) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York.  Notwithstanding the foregoing, the Foreign Representative reserves the right to file a memorandum of law should it become necessary under the circumstances.

## NOTICE AND HEARING

55.    Contemporaneously herewith, the Foreign Representative has filed an *Ex Parte Motion of Foreign Representative for Order Scheduling Hearing and Specifying the Form and Manner of Service of Notice* (the "**Scheduling Motion**").  In accordance with the Scheduling

Motion, notice of this Chapter 15 Petition will be provided by email, fax, or first class U.S. mail or FedEx, within seven (7) business days of entry of an order approving the relief sought in the Scheduling Motion, to: (a) the Office of the United States Trustee for the Southern District of New York, (b) the Debtor, (c) all known parties against whom provisional relief is sought as set forth in the statements of Foreign Representative required by Federal Rule of Bankruptcy Procedure 1007(a)(4)(B), attached to the Chapter 15 Petition, provided that (as explained in the Scheduling Motion), for creditors who are parties to the Greenfield Proceeding, the Notice Documents may be served on their counsel of record in that proceeding.

56.     By such notice, all parties in interest in the United States will be advised of the commencement of the Chapter 15 Case, the relief requested by the Chapter 15 Petition, the central documents filed with the Court respecting the Chapter 15 Case, as well as the date, place and time of the hearing to consider the Chapter 15 Petition and the date, time and manner for filing and serving a response or motion respecting the Chapter 15 Petition and the relief requested therein, in accordance with the Bankruptcy Rules and the Local Rules of Bankruptcy Procedure for the Southern District of New York.

57.     Pursuant to the Scheduling Motion, the Foreign Representative also requests that this Court set the date for the hearing on recognition and to consider the proposed order at the earliest possible time, consistent with Bankruptcy Rule 2002(q)(1).

## NO PRIOR REQUEST

58.     No prior request for the relief sought in this Petition has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Foreign Representative respectfully requests that this Court grant this

Chapter 15 Petition and enter an order in the form attached hereto as **Exhibit A** (i) recognizing the Greenfield Proceeding as a "foreign main proceeding," (ii) recognizing the Trustee as the Foreign Representative of Greenfield connection with the Greenfield Proceeding; (iii) giving full force in the United States to the Insolvency Orders including any extensions or amendments thereof authorized by the Israeli Court; (iv) granting related relief upon recognition of the Greenfield Proceeding as a foreign main proceeding pursuant to sections 1521 and 1521 of the Bankruptcy Code; (v) granting such other relief as this Court may find just and proper, and (vi) otherwise granting comity to and giving full force to the Greenfield Proceeding.

Dated: August 3, 2021
New York, New York

SEIDEN LAW GROUP LLP


/s/ Amiad Kushner
Amiad Kushner
Jacob K. Jou
Dov B. Gold
322 Eighth Avenue, Suite 1704
New York, NY 10001
Telephone: (646) 766-1914


*Attorneys for Lior Dagan as Foreign Representative of Michael David Greenfield (a.k.a. Michael Ben-Ari)*

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, Lior Dagan declares as follows:

I am the foreign representative of Michael David Greenfield.  I have full authority to verify the foregoing *Verified Petition for Recognition of Foreign Main Proceeding and Provisional Relief* (the "**Chapter 15 Petition**").  I have read the foregoing Chapter 15 Petition, and am informed and do believe that the allegations contained therein are true and accurate to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3/ day of July, 2021

_____
Lior Dagan
Foreign Representative of
Michael David Greenfield

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re*: | Chapter 15 |
| MICHAEL DAVID GREENFIELD *a.k.a.* MICHAEL BEN-ARI | Case No. _____ |
| Debtor in a Foreign Proceeding. | |

### ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING AND RELATED RELIEF

Lior Dagan, in his capacity as the court-appointed trustee and a duly authorized foreign representative (the "**Foreign Representative**" or "**Trustee**") of Michael David Greenfield ("**Greenfield**," a.k.a. Michael David Ben-Ari,[1] or the "**Debtor**") and EGFE Israel Ltd. (the "**Company**"), debtors in consolidated insolvency proceedings (the "**Israeli Proceeding**s")[2] under the State of Israel's Insolvency and Economic Rehabilitation Law, 5778-2018 (the "**Insolvency Act**") pursuant to insolvency orders (the "**Insolvency Orders**") issued by the District Court for the District of Tel Aviv-Yafo (the "**Israeli Court**") dated May 12, 2021 for the Company and May 26, 2021 for Greenfield personally (the "**Greenfield Order,**" in the "**Greenfield Proceeding**"), having filed the *Verified Petition for Recognition of Foreign Main Proceeding and Related relief* (the "**Verified Petition**" and together with the Official Form 401 Petition filed therewith, the "**Chapter 15 Petition**") commencing the above-captioned chapter 15 case (the "**Chapter 15 Case**") pursuant to chapter 15 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (as amended, the "**Bankruptcy Code**") seeking the entry of an order ("**Order**") (i) recognizing the Greenfield Proceeding as a "foreign main proceeding" under sections 1515 and 1517 of the

---

[1] Michael David Greenfield uses the name Michael Ben-Ari in Israel.
[2] Greenfield's insolvency proceeding was consolidated with the Company's insolvency proceeding on May 20, 2021, and managed in a consolidated manner thereafter.

Bankruptcy Code (or in the alternative, as a foreign nonmain proceeding); (ii) recognizing the Trustee as the Foreign Representative of the Debtor; (iii) giving full force in the United States to the Greenfield Order, including any extensions or amendments thereof authorized by the Israeli Court; (iv) granting related relief upon recognition of the Greenfield Proceeding as a foreign main proceeding pursuant to section 1520 of the Bankruptcy Code, and relief upon recognition as a foreign main or nonmain proceeding pursuant to section 1521(a)(1)-(3), to the extent not already granted pursuant to section 1520; (v) granting the Foreign Representative the authority to examine witnesses, take evidence, and deliver information concerning the Debtor's assets, affairs, rights, obligations, or liabilities under section 1521(a)(4) of the Bankruptcy Code; and  (vii) granting comity to and giving full force and effect to the Greenfield Proceeding, and such other relief as this Court may find just and proper; and the Court having considered and reviewed the Chapter 15 Petition and the other pleadings and exhibits submitted by the Foreign Representatives in support of the Chapter 15 Petition (collectively, the "**Supporting Papers**") and all objections or other responses filed thereto; and a hearing having been held on [●], 2021; due and timely notice of the filing of the Chapter 15 Petition having been given in accordance with this Court's order dated [●], 2021 [Docket No.[●]], approving the form of notice and manner of service thereof, which notice is deemed adequate for all purposes such that no other or further notice thereof need be given;

**NOW, THEREFORE, THE COURT HEREBY FINDS AND DETERMINES THAT:**

A.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, section 1501 of the Bankruptcy Code, and the *Amended Standing Order of Reference to Bankruptcy Judges of the District Court for the Southern District of New York*, dated January 31, 2012 (Preska, C.J.).

B.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

2

C.     Venue is proper in this district pursuant to 28 U.S.C. § 1410.

D.     The Trustee is a "person" as defined in section 101(41) of the Bankruptcy Code and based on the authority of the Greenfield Order and Insolvency Act, he is a "foreign representative" within the meaning of section 101(24) of the Bankruptcy Code.

E.     The Chapter 15 Case was properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code.

F.     The Chapter 15 Petition and Supporting Papers meet all of the requirements of section 1515 of the Bankruptcy Code.

G.     The Greenfield Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code.

H.     Israel is the Debtor's center of main interests, and, accordingly, the Greenfield Proceeding is a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code, and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

I.     The relief granted herein is necessary and appropriate, in the interest of the public and international comity, consistent with the public policy of the United States, warranted pursuant to sections 1507, 1509, 1520, and 1521 of the Bankruptcy Code, and will not cause any hardship to any parties in interest that is not outweighed by the benefits of the relief granted.

J.     The Foreign Representative and the Debtor, as applicable, are entitled to all of the relief available pursuant to sections 1520 and 1521(a)(1)-(3) of the Bankruptcy Code without limitation, because those protections are necessary to effectuate the purposes of chapter 15 of the Bankruptcy Code, to protect the assets of the Debtor and the interests of his creditors.

K.    The Foreign Representative is entitled to all of the relief available pursuant to sections 1521(a)(4)-(5) of the Bankruptcy Code without limitation, because those protections are necessary to effectuate the purposes of chapter 15 of the Bankruptcy Code, to protect the assets of the Debtor and the interests of his creditors.

L.    Absent the requested relief, the efforts of the Israeli Court and the Foreign Representative, in conducting an orderly and consistent administration of the Debtor's affairs may be frustrated or impaired by the actions of certain individual creditors, a result contrary to the purposes of chapter 15.

M.    The relief granted herein is necessary and appropriate, in the interests of the public and international comity, and consistent with the public policy of the United States.

ACCORDINGLY, after due deliberation and sufficient cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Chapter 15 Petition is granted, and the Greenfield Proceeding is hereby recognized as a foreign main proceeding pursuant to sections 1517(a) and 1517(b)(1) of the Bankruptcy Code.

2.    The Trustee is the foreign representative of the Debtor within the meaning of section 101(24) of the Bankruptcy Code and is authorized to act on behalf of the Debtor in this Chapter 15 Case. The Greenfield Order (and any amendments or extensions thereof as may be granted from time by the Israeli Court) is hereby given full force and effect in the United States.

3.    The Debtor and the Trustee, as its Foreign Representative, are entitled to all of the relief provided pursuant to section 1520 of the Bankruptcy Code and all provisions of section 1520 of the Bankruptcy Code apply in this Chapter 15 Case throughout the duration of this Chapter 15 Case or until otherwise ordered by this Court, including, without limitation, application of the automatic stay imposed by section 362 of the Bankruptcy Code. Such relief

4

shall include, without limitation, a stay of all judicial and foreclosure proceedings in the United States against the Debtor or any of his assets the United States. The Foreign Representative is authorized to modify or lift the automatic stay with respect to a specific litigation matter in the United States, with the agreement of the counterparty to such litigation and without further order of the Court, by providing a notice to all parties to such litigation and filing such notice on the docket.

4.      The Foreign Representative is entrusted with the administration and realization of all of the Debtor's assets located in the United States and is established as the exclusive authority to administer the Debtor's assets and affairs in the United States. The right to transfer, encumber, relinquish or otherwise dispose of any assets of the Debtor located in the United States is suspended, except as exercised by the Foreign Representative.

5.      The Foreign Representative and his agents may undertake the examination of witnesses, the taking of evidence, the production of documents, or the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Debtor in the United States.

6.      The Foreign Representative and his agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7.      This Order is without prejudice to the Foreign Representative requesting any additional relief, including seeking recognition and enforcement in the United States of any further orders issued by the Israeli Court.

8.      The Foreign Representative and each of his successors, agents, representatives, advisors, and counsel shall be entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code. No action taken by the Foreign Representative in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of the Israeli

Proceedings, documents contemplated thereunder, this Order, this Chapter 15 Case, any further order for additional relief in this Chapter 15 Case, or any adversary proceedings in connection therewith, will be deemed to constitute a waiver of the protections of sections 306 or 1510.

9.      Any objections to the Chapter 15 Petition that have not been withdrawn or resolved are hereby overruled.

10.     The Foreign Representative shall serve a copy of this Order by first class mail to (a) all persons or bodies authorized to administer foreign proceedings of the Debtor; (b) all known creditors of the Company in the United States pursuant to Rule 2002 of the Bankruptcy Rules (c) the Office of the United States Trustee for the Southern District of New York; (d) the New York State Department of Financial Services; and (e) all other parties that this Court may direct.

11.     This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order.

12.     Notwithstanding Bankruptcy Rule 7062, made applicable to this Chapter 15 Case by Bankruptcy Rule 1018, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Dated:                    , 2021
         New York, New York


_____

THE HONORABLE _____
UNITED STATES BANKRUPTCY JUDGE