Amiad Kushner
Jacob K. Jou
Dov B. Gold
SEIDEN LAW GROUP LLP
322 Eighth Avenue, Suite 1704
New York, NY 10001
Telephone: (646) 766-1914

*Attorneys for Lior Dagan as Foreign Representative of*
*Michael David Greenfield (a.k.a. Michael Ben-Ari)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re*: <br><br> MICHAEL DAVID GREENFIELD <br> *a.k.a.* MICHAEL BEN-ARI <br><br> Debtor in a Foreign Proceeding. | Chapter 15 <br><br> Case No. _____ |

### APPLICATION FOR ORDER SCHEDULING HEARING ON CHAPTER 15 PETITION AND SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE OF HEARING

Lior Dagan, in his capacity as the court-appointed trustee and a duly authorized foreign representative (the "**Foreign Representative**" or "**Trustee**") of Michael David Greenfield (the "**Debtor**"), a debtor in consolidated insolvency proceedings (the "**Israeli Proceedings**")[1] under the State of Israel's Insolvency and Economic Rehabilitation Law, 5778-2018 (the "**Insolvency Act**") pursuant to insolvency orders (the **"Insolvency Orders"**) issued by the District Court for the District of Tel Aviv-Yafo (the "**Israeli Court**") dated May 12, 2021 for EGFE Israel Ltd. (the "**Company**") and May 26, 2021 for Greenfield personally (the "**Greenfield Order**," in the "**Greenfield Proceeding**"), by and through his undersigned counsel respectfully requests as follows:

---

[1] Greenfield's insolvency proceeding was consolidated with the Company's insolvency proceeding on May 20, 2021, and managed in a consolidated manner thereafter.

## BACKGROUND

1. On the date hereof, the Foreign Representative has commenced a chapter 15 case pursuant to section 1504 of the Bankruptcy Code by filing a *Petition (Official Form 401)* and a *Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding and Related Relief* (collectively, the "**Chapter 15 Petition**") accompanied by all certifications, statements, lists and documents required pursuant to section 1515 of the Bankruptcy Code and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). The Chapter 15 Petition seeks recognition of, and relief necessary to aid, a foreign main proceeding, as defined in sections 101(23) and 1502(4) of the Bankruptcy Code, which currently is pending in the State of Israel ("**Israel**").

2. Upon entry of the Greenfield Order, and in accordance with the Insolvency Act, Lior Dagan was designated as the Greenfield's trustee. Accordingly, the Lior Dagan is authorized to act as "foreign representative" of the Debtor in this Chapter 15 case.[2]

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference issued by the United States District Court for the Southern District of New York dated as of January 31, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1410(3), which provides that venue is proper in a district which is consistent with the interests of justice and the convenience of

---

[2] Additional information concerning the current status of the Greenfield Proceeding and can be found in the (i) Verified Petition Under Chapter 15 For Recognition of Foreign Main Proceeding, (ii) Declaration of Sivan Lev (Israeli Bankruptcy Counsel) in Support of Verified Petition Under Chapter 15 for Recognition of Foreign Main Proceeding, and (iii) Declaration of Lior Dagan, as Foreign Representative, Pursuant to 11 U.S.C. § 1515 and in Support of Verified Petition and Recognition Hearing.

the parties, having regard to the relief sought by the foreign representative. The Debtor is not a U.S. resident. The Debtor's assets in the U.S. are spread across the country (including in New York County), but upon information and belief, the principal assets are bank accounts and investments held in New York County, in this district. This District is a convenient venue for the Foreign Representative and will likely be convenient to creditors who might seek to exercise any rights, because of New York's centrality in international finance and commerce.

## RELIEF REQUESTED

5. The statutory bases for the relief requested herein are sections 105, 1514 and 1515 of the Bankruptcy Code and Bankruptcy Rules 2002 and 9007.

6. This application (the "**Application**") requests entry of an order in the form annexed hereto as Exhibit A (the "**Proposed Notice Order**"): (i) approving the notice of the filing, substantially in the form annexed hereto as Exhibit B (the "**Notice**"), to be provided by the Foreign Representative and providing notice of the Foreign Representative's intent to rely on foreign law pursuant to Fed. R. Civ. P. 44.1, namely the Insolvency Act; (ii) setting a hearing on the relief sought in the Chapter 15 Petition (the "**Recognition Hearing**"), and (iii) specifying the form the manner of service of the Notice.

## FORM AND MANNER OF NOTICE

7. Bankruptcy Rule 2002(q)(1) provides that:

> After the filing of a petition for recognition of a foreign proceeding, the court shall promptly schedule and hold a hearing on the petition. The clerk, or some other person as the court may direct, shall forthwith give the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all entities against whom provisional relief is being sought under §1519 of the Code, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and such other entities as the court may direct, at least 21 days' notice by mail of the hearing. The notice shall state whether the petition seeks recognition as a foreign main proceeding or foreign nonmain

proceeding and shall include the petition and any other document the court may require.

Fed. R. Bankr. P. 2002(q)(1).

8. Although Bankruptcy Rule 2002(q) provides that the parties identified therein must receive at least 21 days' notice by mail of the hearing on the petition for recognition of a foreign proceeding, it does not specify the form and manner in which such notice must be given. Therefore, pursuant to Bankruptcy Rules 2002(m) and 9007, this Court may specify such form and manner of notice.[3]

9. Pursuant to Bankruptcy Rule 2002(q), the Foreign Representative proposes to serve the Notice and the Verified Petition (together, the "**Notice Documents**") by email, fax, or first class U.S. mail or FedEx, within seven (7) business days of entry of the order approving the relief sought in this Motion, to: (a) the Office of the United States Trustee for the Southern District of New York, (b) the Debtor, (c) all known parties against whom provisional relief is sought as set forth in the statements of Foreign Representative required by Federal Rule of Bankruptcy Procedure 1007(a)(4)(B), attached to the Chapter 15 Petition (the "**Chapter 15 Notice Parties**"), provided that (as explained below), for creditors who are parties to the Greenfield Proceeding, the Notice Documents may be served on their counsel of record in that proceeding.[4]

10. As set forth in section 1514(a) and (b), where notice is required to be given to creditors with foreign addresses, the court may approve a form of notice, other than mailing,

---

[3] Bankruptcy Rules 2002(m) and 9007 provide, among other things, that when notice is to be given under the Bankruptcy Rules, the court shall designate the form and manner in which such notice shall be given (provided the Bankruptcy Rules do not otherwise specify the appropriate form and manner of such notice). *See* Fed. R. Bankr. P. 2002(m) and 9007.

[4] If any party files a notice of appearance in these Chapter 15 Cases, the Foreign Representative will serve the Notice and any subsequent notices upon that party within three (3) business days of the filing of the notice of appearance, if such documents have not already been served on such party (or its counsel).

where under the circumstances such other form would be more appropriate. Greenfield has hundreds of creditors with foreign addresses who receive notice of the Greenfield Proceeding through their counsel of record in that proceeding.[4] Accordingly, the Foreign Representative submits that where notice is required for creditors with a foreign address, email to their Israeli counsel ("**Notice to Counsel**") is not only more appropriate but more efficient, economical and in the best interest of Greenfield's estate.

11. The Foreign Representative respectfully submits that service of (i) the Notice Documents and (ii) the Chapter 15 Petition (and all exhibits and declarations filed contemporaneously with the Chapter 15 Petition), by email, fax, or first-class mail or FedEx upon the Chapter 15 Notice Parties in accordance with Bankruptcy Rule 2002(k) and (q) and Local Bankruptcy Rules 2002-1, 9006-1(b) and 9013-1(b) within seven days of entry of the Proposed Notice Order, and the Notice to Counsel, within seven days of entry of the Proposed Notice Order, constitutes adequate and sufficient notice of this chapter 15 case, the relief sought in the Chapter 15 Petition, the time fixed for filing objections to the relief sought in the Chapter 15 Petition, and the time, date and place of the Recognition Hearing.

12. The Foreign Representative respectfully requests that the Court waive the requirement set forth in section 1514(c) of the Bankruptcy Code in this Chapter 15 Case. That section provides that "[w]hen a notification of commencement of a case is to be given to foreign creditors, such notification shall (1) indicate the time period for filing proofs of claim and specify the place for filing such proofs of claim; and (2) indicate whether secured creditors need to file proofs of claim. . . ." 11 U.S.C. § 1514(c). It appears that section 1514 was not intended to apply in the context of an ancillary case under chapter 15. As explained in Collier: "The last in the series of sections dealing with the international aspects of cases under chapters *other than chapter 15*

that began with section 1511, section 1514(a) provides that foreign creditors shall receive proper notice in cases in the United States." 8 Collier on Bankruptcy ¶ 1514.01 (16th ed. rev. 2011) (emphasis added).

13. Moreover, bankruptcy courts in this district have waived section 1514(c)'s notice requirement upon request. *See e.g.*, *In re The Cash Store Fin. Servs. Inc.*, No. 15-12813 (MEW) (Bankr. S.D.N.Y. Oct. 19, 2015*)*; *In re Daebo Int'l Shipping Co.*, *Ltd.*, No. 15-10616 (MEW) (Bankr. S.D.N.Y. Mar. 17, 2015); *In re Lupatech S.A., et al.*, No. 14-11559 (SMB) (Bankr. S.D.N.Y. May 28, 2014); *In re IT Factory* A/S, No. 13-10954 (MG) (Bankr. S.D.N.Y. Apr. 1, 2013); *See, e.g., In re Chembulk New York Pte Ltd, et al*., No. 12-11007 (Bankr. S.D.N.Y. Mar. 15, 2012) (granting debtor's proposed form of notice and waiving section 1514(c) requirement); *In re Pt. Arpeni Pratama Ocean Line Tbk.,* No. 11-15691 (Bankr. S.D.N.Y. Dec. 13, 2011) (same).

14. The Foreign Representative respectfully submits that service to the Notice Parties as proposed herein is due and sufficient notice and service on all interested parties of the filing of the Chapter 15 Petition, the Proposed Order, the Recognition Objection Deadline, and the Recognition Hearing date. Accordingly, the Foreign Representative respectfully requests that the Court determine that such notice is due and sufficient under the circumstances of this Chapter 15 Case.

## SCHEDULING OF RECOGNITION HEARING

15. Section 1517(c) of the Bankruptcy Code provides that a petition for recognition shall be decided "at the earliest possible time." Moreover, Bankruptcy Rule 2002(q)(1) provides that parties are to be given 21 days' notice of a hearing on a chapter 15 petition. *See* Fed. R. Bankr. P. 2002(q)(1). Finally, Bankruptcy Rule 1012(b) provides that a party responding to a petition has until "no later than seven days before the date set for the hearing on the petition, unless the court prescribes some other time," to file an objection or a response. *See* Fed. R. Bankr.

P. 1012(b).

16. In light of the foregoing requirements, the Foreign Representative respectfully submits that it is appropriate to set the Recognition Hearing Date, subject to the Court's calendar, on not less than 21 days after service of the Chapter 15 Petition and Notice.

## NO PRIOR REQUEST

17. No previous request for the relief requested herein has been made to this or any other court.

## CONCLUSION

**WHEREFORE**, the Foreign Representative respectfully requests (i) entry of an order in the form of the Proposed Notice Order attached hereto (a) setting a hearing date for the Recognition Hearing, (b) approving the form of Notice and the manner of service of the Notice and the Chapter 15 Petition; and (c) granting the Foreign Representative such other and further relief as may be just and proper.

Dated: New York, New York
August 3, 2021

                                              Respectfully Submitted,

                                              SEIDEN LAW GROUP LLP

                                              /s/ Amiad Kushner
                                            Amiad Kushner
                                            Jacob K. Jou
                                            Dov B. Gold
                                            322 Eighth Avenue, Suite 1704
                                            New York, NY 10001
                                            Telephone: (646) 766-1914

                                            *Attorneys for Lior Dagan as Foreign Representative of Michael David Greenfield (a.k.a. Michael Ben-Ari)*

**Exhibit A**

**Proposed Notice Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re*: | Chapter 15 |
| MICHAEL DAVID GREENFIELD<br>*a.k.a.* MICHAEL BEN-ARI | Case No. _____ |
| Debtor in a Foreign Proceeding. | |

**ORDER SCHEDULING HEARING ON CHAPTER 15 PETITION AND
SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE OF HEARING**

Upon the application (the "**Application**") of the Lior Dagan, the trustee and foreign representative of Michael David Greenfield ("**Greenfield**" or the "**Debtor**") in Greenfield's insolvency proceeding (the "**Greenfield Proceeding**") in the District Court of Tel Aviv-Yafo under the State of Israel's Insolvency and Economic Rehabilitation Law, 5778-2018, for entry of an order scheduling a hearing on the *Petition (Official Form 401)* and *Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding and Related Relief* (collectively, the "**Chapter 15 Petition**") in this Chapter 15 Case and specifying the form and manner of service of notice of the hearing; it is hereby:

ORDERED, that the form of the Notice attached hereto is hereby approved; and it is further

ORDERED, that copies of the Notice, the Chapter 15 Petition and the documents filed in support thereof (collectively, the "**Notice Documents**") shall be served by email, fax, first class mail or FedEx, within seven (7) business days of entry of the order approving the relief sought in this Motion, to: (a) the Office of the United States Trustee for the Southern District of New York, (b) the Debtor, and (c) all known parties against whom provisional relief is sought as set forth in the statements of Foreign Representative required by Federal Rule of Bankruptcy Procedure 1007(a)(4)(B), attached to the Chapter 15 Petition, provided that, for creditors who are parties to

the Greenfield Proceeding, the Notice Documents may be served on their counsel of record in that proceeding; and it is further

ORDERED, that service of the Notice Documents in accordance with this Order, is hereby approved as adequate and sufficient notice, and shall constitute valid service of the Notice Documents on all interested parties; and it is further

ORDERED, that a hearing (the "**Hearing**") on the relief sought in the Chapter 15 Petition as well as responses or objections, if any, to the Notice Documents shall be held on [_____], at \_:00\_\_.m. New York time (the "**Hearing Date**"), or as soon thereafter as counsel shall be heard, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004; and it is further

ORDERED, that responses or objections, if any, to the Notice Documents must be in a writing describing the basis therefore and shall be filed with the Court electronically in accordance with General Order M-242 by registered users of the Court's electronic case filing system, and by all other parties in interest, on a compact disk, preferably in Portable Document Format (PDF), Word Perfect or any other Windows-based word processing format, with a hard copy to the United States Bankruptcy Judge, and served upon Seiden Law Group LLP, 322 Eighth Avenue, Suite 1704, New York, New York 10001 (Attention: Amiad Kushner, Esq.), United States counsel to Lior Dagan as foreign representative for Michael David Greenfield, so as to be received on or before 4:00 p.m. ET on [_____]; and it is further

ORDERED, that the Hearing may be adjourned from time to time without notice other than an announcement in open court at the Hearing or the adjourned date of the hearing; and it is further

ORDERED, that all notice requirements specified in section 1514(c) of Bankruptcy Code not incorporated herein are otherwise waived; and it is further

ORDERED, that service pursuant to this Order shall be good and sufficient service and adequate notice of the hearing to consider all the relief sought in the Chapter 15 Petition.

Dated: _____, 2021
      New York, New York

                                                    _____
                                                    THE HONORABLE _____
                                                    UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**Form of Notice**

Amiad Kushner
Jacob K. Jou
Dov B. Gold
SEIDEN LAW GROUP LLP
322 Eighth Avenue, Suite 1704
New York, NY 10001
Telephone: (646) 766-1914

*Attorneys for Lior Dagan as Foreign Representative of*
*Michael David Greenfield (a.k.a. Michael Ben-Ari)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re*: | Chapter 15 |
| MICHAEL DAVID GREENFIELD *a.k.a.* MICHAEL BEN-ARI | Case No. _____ |
| Debtor in a Foreign Proceeding. | |

**NOTICE OF FILING AND HEARING ON VERIFIED PETITION UNDER CHAPTER 15 OF THE UNITED STATES BANKRUPTCY CODE AND NOTICE PURSUANT TO FED. R. BANKR. P. 9017 AND FED R. CIV. P. 44.1**

**PLEASE TAKE NOTICE** that, on July 28, 2021, Lior Dagan, in his capacity as the court-appointed trustee and duly authorized foreign representative (the "**Foreign Representative**" or "**Trustee**") of Michael David Greenfield ("**Greenfield**" or the "**Debtor**"), in Greenfield's insolvency proceeding (the "**Greenfield Proceeding**") in the District Court of Tel Aviv-Yafo under the State of Israel's Insolvency and Economic Rehabilitation Law, 5778-2018 (the "**Insolvency Act**"), filed a *Petition (Official Form 401)* (the "**Petition**") and a *Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding and Related Relief* (the "**Verified Petition**," and collectively with the Petition, the "**Chapter 15 Petition**"), commencing a case under chapter 15 of title 11 of the United States Code (the "**Bankruptcy Code**") ancillary to the Greenfield Proceeding and seeking recognition of such foreign

proceeding as a "foreign main proceeding" and relief in aid of the Greenfield Proceeding in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

**PLEASE TAKE FURTHER NOTICE** that a copy of the Petition is attached hereto, along with: (i) the lists required to be filed with the Petition pursuant to Bankruptcy Rule 1007(a)(4); (ii) the Verified Petition; (iii) the Declaration of Lior Dagan in Support of the Verified Petition required to be filed pursuant to section 1515 of the Bankruptcy Code; and (iv) the Declaration of Sivan Lev, the Trustee's Israeli Counsel in Support of the Verified Petition (collectively, the "**Supporting Documents**").

**PLEASE TAKE FURTHER NOTICE** that pursuant to the *Order Scheduling Hearing on Verified Chapter 15 Petition and Specifying Form and Manner of Notice of Hearing* (the "**Scheduling Order**"), a copy of which is attached hereto, the Bankruptcy Court has scheduled a hearing on_____, **2021** at _____:00 _.m. (ET), before the Honorable_____ in Room_____ of the Bankruptcy Court, One Bowling Green, New York, New York 10004 U.S.A. (the "**Hearing**").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Rule 2002-4, at the Hearing the Bankruptcy Court may order the scheduling of a case management conference to consider the efficient administrative of this case.

**PLEASE TAKE FURTHER NOTICE** that any party in interest wishing to submit a response or objection to the Chapter 15 Petition or the relief requested by the Trustee must do so pursuant to the Bankruptcy Code and the Local and Federal Rules of Bankruptcy Procedure, including, without limitation, Federal Rules of Bankruptcy Procedure Rule 1011, in writing and

setting forth the bases therefore, and such response or objection must be filed with the Office of the Clerk of the Court, Room 534, One Bowling Green, New York, New York 10004-1408; and served on the attorneys for the Trustee, (Seiden Law Group LLP, 322 Eighth Avenue, Suite 1704, New York, New York 10004 U.S.A., Attn: Amiad Kushner, Esq.), so as to be received **on or before 4:00 p.m. E.T. on _____, 2021**.

**PLEASE TAKE FURTHER NOTICE** that any response or objection to be filed with the Office of the Clerk of the Court must be filed (i) electronically by registered users of the Bankruptcy Court's electronic case filing system in accordance with General Order M-242 of the Bankruptcy Court for the Southern District of New York, a copy of which may be viewed on the Bankruptcy Court's website, www.nysb.uscourts.gov; and (ii) by all other parties in interest on a compact disk, with hard copy provided to the Chambers of the Honorable _____ United States Bankruptcy Judge, United States Bankruptcy Court, One Bowling Green, New York, New York 10004 U.S.A.

**PLEASE TAKE FURTHER NOTICE** that all parties in interest opposed to the Chapter 15 Petition or the Trustee's request for relief must appear at the Hearing at the time and place set forth above.

**PLEASE TAKE FURTHER NOTICE** that if no response or objection is timely filed and served as provided above, the Bankruptcy Court may grant the recognition and relief requested by the Trustee without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be adjourned from time to time without further notice other than an announcement in open court at the Hearing of the adjourned date or dates or any further adjourned hearing.

**PLEASE TAKE FURTHER NOTICE** that Trustee intends to raise issues pertaining

to foreign law, specifically Israel law, in connection with the Chapter 15 Petition: (i) recognizing the Greenfield Proceeding as a foreign main proceeding pursuant to chapter 15 of the Bankruptcy Code and the Trustee as Greenfield's foreign representative under sections 1509 and 1517 of the Bankruptcy Code; (ii) granting automatic relief pursuant to section 1520 of the Bankruptcy Code; (iii) granting other and additional relief pursuant to sections 1507 and 1521(a) and (b) of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that copies of the Chapter 15 Petition and certain other pleadings filed contemporaneously therewith are available by accessing the Court's Electronic Case Filing System, which can be accessed from the Court's website at https://ecf.nysb.uscourts.gov (a PACER login and password are required to retrieve a document) and/or upon written request to the Trustee's counsel addressed to:

> SEIDEN LAW GROUP LLP
> 322 Eighth Avenue, Suite 1704
> New York, NY 10001
> Telephone: (646) 766-1914
> Attn: Amiad Kushner

Dated: August 3, 2021
      New York, New York

> SEIDEN LAW GROUP LLP
>
> /s/ Amiad Kushner
> Amiad Kushner
> Jacob K. Jou
> Dov B. Gold
> 322 Eighth Avenue, Suite 1704
> New York, NY 10001
> Telephone: (646) 766-1914
>
> *Attorneys for Lior Dagan as Foreign Representative of Michael David Greenfield (a.k.a. Michael Ben-Ari)*

4