**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re*:<br><br>MICHAEL DAVID GREENFIELD<br>*a.k.a.* MICHAEL BEN-ARI<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 21-11411 (SCC) |

## ORDER GRANTING PROVISIONAL RELIEF

Upon consideration of (a) the *Foreign Representative's Ex Parte Emergency Motion For Provisional Relief* (the "**Emergency Motion**")[1], filed by Lior Dagan in his capacity as the court-appointed trustee of Michael David Greenfield (the "**Debtor**"), a debtor in an insolvency proceeding pending in the District Court of Tel Aviv-Yafo (the "**Greenfield Proceeding**," one of two consolidated "**Israeli Proceedings**"), and in his capacity as a foreign representative of the Debtor, and (b) the *Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding* (the "**Verified Petition**"), (c) the Declaration of the Foreign Representative In Support of Verified Chapter 15 and Motion for Provisional Relief, (d) the Supplemental Declaration of the Foreign Representative in Support of Ex Parte Motion for Provisional Relief, and (e) the Declaration of Sivan Lev in Support of Verified Chapter 15 Petition and Motion for Provisional Relief, and no other or further notice being necessary or required; and the Court having determined that the legal and factual bases set forth in the Emergency Motion and all other pleadings and proceedings in this case establish just cause to grant the relief ordered herein, and after due deliberation therefore, and for the reasons stated on the record,

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334,

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Emergency Motion.

section 1501 of title 11 of the United States Code (the "**Bankruptcy Code**"), and the *Amended Standing Order of Reference to Bankruptcy Judges of the District Court for the Southern District of New York*, dated January 31, 2012 (Preska, C.J.).

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

C. Venue is proper in this District pursuant to 28 U.S.C. § 1410.

D. This Chapter 15 Case has been properly commenced.

E. This Court has the authority to grant the Provisional Relief, as defined in the Emergency Motion, pursuant to 11 U.S.C. §§ 105(a), 306, 362, 1510, 1519, 1521, and 1522.

F. The Provisional Relief is urgently needed to protect the assets of the Debtor and the interests of his creditors as required by 11 U.S.C. § 1519(a).

G. The interests of the Debtor's creditors are sufficiently protected in the Court's grant of the Provisional Relief, as required by 11 U.S.C. § 1522(a).

H. The Provisional Relief is warranted under 11 U.S.C. § 1519(e).

I. The Foreign Representative has demonstrated a substantial likelihood that the Greenfield Proceeding is entitled to recognition as a foreign main proceeding and that the Provisional Relief will be granted on a final basis upon such recognition as a foreign main proceeding.

J. Irreparable harm will result to the Debtor's estate and to his creditors, if the Provisional Relief is not granted on an expedited basis. Pending the chapter 15 Recognition Hearing, the Provisional Relief is required to ensure the fair, efficient, and centralized administration of the Debtor's assets and prevent individual creditors and other persons and entities from depleting or impairing the assets of the Debtor to the detriment of their creditor body as a whole.

K. Granting the Provisional Relief will preserve the *status quo* and not result in significant harm to nonmoving parties. Any harm that conceivably could result to nonmoving parties by

granting the Provisional Relief is less than the irreparable harm that would result to the Debtor's estate and his creditors if the Provisional Relief is not granted.

L. Granting the Provisional Relief will serve the public interest in that, among other things, the Provisional Relief is necessary to realize the intent and objectives of chapter 15 in this case pursuant to 11 U.S.C. §1501(a).

M. The Foreign Representative and the Debtor are entitled to the full protections and rights available pursuant to section 11. U.S.C. § 1519(a)(1)-(3).

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. Notice of the Emergency Motion was proper in the circumstances (or, to the extent that notice was insufficient, this Order should be issued without notice to avoid irreparable harm to Debtor and his creditors), and the Court further finds that the relief requested in the Motion should be granted on provisional basis.

2. The Provisional Relief is GRANTED effective immediately on an interim basis as set forth below pending entry of an order regarding the recognition of the Greenfield Proceeding as a foreign main proceeding.

3. Pending disposition of the Petition and Verified Petition and the request for recognition of the Greenfield Proceeding as a foreign main proceeding, pursuant to sections 1519(a) and 1521(a) of the Bankruptcy Code, section 362 of the Bankruptcy Code is applicable to the Debtor and the property of the Debtor within the territorial jurisdiction of the United States in this Chapter 15 Case and, including, without limitation, no person or entity may: (a) execute against the Debtor's assets, (b) take any action to obtain possession of, or exercise control over, the Debtor's assets, or to collect, assess, or recover a claim against the Debtor, (c) commence or continue any legal proceeding (including, without limitation, any judicial, quasi-judicial, administrative or

regulatory proceeding, arbitration or bankruptcy) or action against the Debtor; (d) take any act to enforce any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order, or arbitration award against the Debtor; or (e) commence or continue any legal proceeding or action to create, perfect, or enforce any lien, setoff, or other claim against the Debtor; *provided, however*, in each case, that such injunction shall be effective solely within the territorial jurisdiction of the United States.

4. While this Order is in effect, the Foreign Representative and Debtor shall be entitled to the full protections and rights enumerated under sections 1519(a)(1)-(3) of the Bankruptcy Code, including, without limitation, any relief referenced in paragraphs (3), (4), or (7) of section 1521(a) of the Bankruptcy Code.

5. Pending disposition of the Petition and Verified Petition and the request for recognition of the Greenfield Proceeding as a foreign main proceeding, the Foreign Representative is entrusted with the administration and realization of all of the Debtor's assets located in the United States and is established as the exclusive authority to administer the Debtor's assets and affairs in the United States. The right to transfer, encumber, relinquish or otherwise dispose of any assets of the Debtor located in the United States is suspended, except as exercised by the Foreign Representative.

6. The Foreign Representative and his agents may undertake the examination of witnesses, the taking of evidence, the production of documents, or the delivery of any and all information concerning the assets, affairs, rights, obligations or liabilities of the Debtor in the United States.

7. The Foreign Representative is hereby granted on an interim basis, the rights, powers, protections, privileges, and immunities of a trustee in a bankruptcy in the United States during the Provisional Relief period available pursuant to section 1519(a) and 1521(a)(7) of the Bankruptcy

Code. No action taken during such period by the Foreign Representative, or his agents, representatives, advisors, or counsel, in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of or in connection with the Israeli Proceedings, this Order, this Chapter 15 Case, any adversary proceeding, or any further proceeding commenced herewith shall be deemed to constitute a waiver of the immunity afforded such person under sections 306 or 1510 of the Bankruptcy Code.

8. Due to the nature of the relief requested, no security is required under Rule 65(c) of the Federal Rules of Civil Procedure, as made applicable in this Chapter 15 Case by Rule 7065 of the Federal Rules of Bankruptcy Procedure, if applicable, or otherwise.

9. Copies of this Order shall be served via email, first class mail, or overnight courier on (a) the Office of the United States Trustee for the Southern District of New York, (b) the Debtor, (c) all persons or bodies authorized to administer foreign proceedings of the Debtor, (d) all parties to any litigation (if any) in which the Debtor is a party and that is pending in the United States as of the commencement of this Chapter 15 Case, (e) all known parties against whom provisional relief is sought under section 1519 of the Bankruptcy Code, and (f) all parties (if any) that have filed a notice of appearance in this Chapter 15 Case. The above-described service of this Order shall constitute due, adequate, and sufficient service and notice, and no other or further service or notice shall be required.

10. This Court shall retain jurisdiction with respect to any matters, claims, rights, or

disputes arising from or related to the Emergency Motion or the implementation of this Order.

Dated: August 5, 2021
      New York, New York

                                          /S/ Shelley C. Chapman
                                          THE HONORABLE SHELLEY C. CHAPMAN
                                          UNITED STATES BANKRUPTCY JUDGE