**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re*: <br><br> MICHAEL DAVID GREENFIELD <br> *a.k.a.* MICHAEL BEN-ARI <br><br> Debtor in a Foreign Proceeding. | Chapter 15 <br><br> Case No. 21-11411 (SCC) |

## ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING AND RELATED RELIEF

Lior Dagan, in his capacity as the court-appointed trustee and a duly authorized foreign representative (the "**Foreign Representative**" or "**Trustee**") of Michael David Greenfield ("**Greenfield**," a.k.a. Michael David Ben-Ari,[1] or the "**Debtor**") and EGFE Israel Ltd. (the "**Company**"), debtors in consolidated insolvency proceedings (the "**Israeli Proceeding**s")[2] under the State of Israel's Insolvency and Economic Rehabilitation Law, 5778-2018 (the "**Insolvency Act**") pursuant to insolvency orders (the "**Insolvency Orders**") issued by the District Court for the District of Tel Aviv-Yafo (the "**Israeli Court**") dated May 12, 2021 for the Company and May 26, 2021 for Greenfield personally (the "**Greenfield Order,**" in the "**Greenfield Proceeding**"), having filed the *Verified Petition for Recognition of Foreign Main Proceeding and Related relief* (the "**Verified Petition**" and together with the Official Form 401 Petition filed therewith, the "**Chapter 15 Petition**") commencing the above-captioned chapter 15 case (the "**Chapter 15 Case**") pursuant to chapter 15 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (as amended, the "**Bankruptcy Code**") seeking the entry of an order ("**Order**") (i) recognizing the Greenfield Proceeding as a "foreign main proceeding" under sections 1515 and 1517 of the

---

[1] Michael David Greenfield uses the name Michael Ben-Ari in Israel.
[2] Greenfield's insolvency proceeding was consolidated with the Company's insolvency proceeding on May 20, 2021, and managed in a consolidated manner thereafter.

Bankruptcy Code (or in the alternative, as a foreign nonmain proceeding); (ii) recognizing the Trustee as the Foreign Representative of the Debtor; (iii) giving full force in the United States to the Greenfield Order, including any extensions or amendments thereof authorized by the Israeli Court; (iv) granting related relief upon recognition of the Greenfield Proceeding as a foreign main proceeding pursuant to section 1520 of the Bankruptcy Code, and relief upon recognition as a foreign main or nonmain proceeding pursuant to section 1521(a)(1)-(3), to the extent not already granted pursuant to section 1520; (v) granting the Foreign Representative the authority to examine witnesses, take evidence, and deliver information concerning the Debtor's assets, affairs, rights, obligations, or liabilities under section 1521(a)(4) of the Bankruptcy Code; and (vii) granting comity to and giving full force and effect to the Greenfield Proceeding, and such other relief as this Court may find just and proper; and the Court having considered and reviewed the Chapter 15 Petition and the other pleadings and exhibits submitted by the Foreign Representative in support of the Chapter 15 Petition (collectively, the "**Supporting Papers**"); and no objections having been filed thereto; and a hearing having been scheduled for September 14, 2021, but removed from the Court's calendar because no objections were filed as of September 7, 2021 (the "**Objection Deadline**") (as certified by the Foreign Representative at least forty-eight (48) hours after the expiration of the Objection Deadline, pursuant to Local Bankruptcy Rule 9075-2 [ECF No. 18]); due and timely notice of the filing of the Chapter 15 Petition and the Objection Deadline having been given in accordance with this Court's order dated August 6, 2021 [ECF No. 11], approving the form of notice and manner of service thereof, which notice is deemed adequate for all purposes such that no other or further notice thereof need be given;

**NOW, THEREFORE, THE COURT HEREBY FINDS AND DETERMINES THAT:**

A.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, section 1501 of the Bankruptcy Code, and the *Amended Standing Order of Reference to Bankruptcy Judges of the District Court for the Southern District of New York*, dated January 31, 2012 (Preska, C.J.).

B.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

C.  Venue is proper in this district pursuant to 28 U.S.C. § 1410.

D.  The Trustee is a "person" as defined in section 101(41) of the Bankruptcy Code and based on the authority of the Greenfield Order and Insolvency Act, he is a "foreign representative" within the meaning of section 101(24) of the Bankruptcy Code.

E.  The Chapter 15 Case was properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code.

F.  The Chapter 15 Petition and Supporting Papers meet all of the requirements of section 1515 of the Bankruptcy Code.

G.  The Greenfield Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code.

H.  Israel is the Debtor's center of main interests, and, accordingly, the Greenfield Proceeding is a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code, and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

I.  The relief granted herein is necessary and appropriate, in the interest of the public and international comity, consistent with the public policy of the United States, warranted pursuant to sections 1507, 1509, 1520, and 1521 of the Bankruptcy Code, and will not cause any hardship to any parties in interest that is not outweighed by the benefits of the relief granted.

J.  The Foreign Representative and the Debtor, as applicable, are entitled to all of the relief available pursuant to sections 1520 and 1521(a)(1)-(3) of the Bankruptcy Code without limitation, because those protections are necessary to effectuate the purposes of chapter 15 of the Bankruptcy Code, to protect the assets of the Debtor and the interests of his creditors.

K.  The Foreign Representative is entitled to all of the relief available pursuant to sections 1521(a)(4)-(5) of the Bankruptcy Code without limitation, because those protections are necessary to effectuate the purposes of chapter 15 of the Bankruptcy Code, to protect the assets of the Debtor and the interests of his creditors.

L.  Absent the requested relief, the efforts of the Israeli Court and the Foreign Representative, in conducting an orderly and consistent administration of the Debtor's affairs may be frustrated or impaired by the actions of certain individual creditors, a result contrary to the purposes of chapter 15.

M.  The relief granted herein is necessary and appropriate, in the interests of the public and international comity, and consistent with the public policy of the United States.

ACCORDINGLY, after due deliberation and sufficient cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.  The Chapter 15 Petition is granted, and the Greenfield Proceeding is hereby recognized as a foreign main proceeding pursuant to sections 1517(a) and 1517(b)(1) of the Bankruptcy Code.

2.  The Trustee is the foreign representative of the Debtor within the meaning of section 101(24) of the Bankruptcy Code and is authorized to act on behalf of the Debtor in this Chapter 15 Case. The Greenfield Order (and any amendments or extensions thereof as may be granted from time by the Israeli Court) is hereby given full force and effect in the United States.

3. The Debtor and the Trustee, as its Foreign Representative, are entitled to all of the relief provided pursuant to section 1520 of the Bankruptcy Code and all provisions of section 1520 of the Bankruptcy Code apply in this Chapter 15 Case throughout the duration of this Chapter 15 Case or until otherwise ordered by this Court, including, without limitation, application of the automatic stay imposed by section 362 of the Bankruptcy Code. Such relief shall include, without limitation, a stay of all judicial and foreclosure proceedings in the United States against the Debtor or any of his assets in the United States, except that the United States Department of Justice (the "DOJ") may take legal action with respect to specific assets that, pursuant to a request made by the Israeli authorities to the DOJ in connection with a criminal investigation and as agreed with the Foreign Representative, are reserved to the DOJ's authority (the "Reserved Assets"). The Foreign Representative is authorized to modify or lift the automatic stay with respect to a specific litigation matter in the United States, with the agreement of the counterparty to such litigation and without further order of the Court, by providing a notice to all parties to such litigation and filing such notice on the docket.

4. The Foreign Representative is entrusted with the administration and realization of all of the Debtor's assets located in the United States and is established as the exclusive authority to administer the Debtor's assets and affairs in the United States, except as to the Reserved Assets. The right to transfer, encumber, relinquish or otherwise dispose of any assets of the Debtor located in the United States is suspended, except as exercised by the Foreign Representative with respect to assets that are not Reserved Assets, or as exercised by the DOJ with respect to the Reserved Assets only.

5. The Foreign Representative and his agents may undertake the examination of witnesses, the taking of evidence, the production of documents, or the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Debtor in the United States.

6. The Foreign Representative and his agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7. This Order is without prejudice to the Foreign Representative requesting any additional relief, including seeking recognition and enforcement in the United States of any further orders issued by the Israeli Court.

8. The Foreign Representative and each of his successors, agents, representatives, advisors, and counsel shall be entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code. No action taken by the Foreign Representative in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of the Israeli Proceedings, documents contemplated thereunder, this Order, this Chapter 15 Case, any further order for additional relief in this Chapter 15 Case, or any adversary proceedings in connection therewith, will be deemed to constitute a waiver of the protections of sections 306 or 1510.

9. The Foreign Representative shall serve a copy of this Order by first class mail to (a) all persons or bodies authorized to administer foreign proceedings of the Debtor; (b) all known creditors of the Debtor in the United States pursuant to Rule 2002 of the Bankruptcy Rules (c) the Office of the United States Trustee for the Southern District of New York; (d) the New York State Department of Financial Services; and (e) all other parties that this Court may direct.

10. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order.

11. Notwithstanding Bankruptcy Rule 7062, made applicable to this Chapter 15 Case by Bankruptcy Rule 1018, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Dated: October 20, 2021
      New York, New York

                                     /S/ Shelley C. Chapman
                                     THE HONORABLE SHELLEY C. CHAPMAN
                                     UNITED STATES BANKRUPTCY JUDGE