Amiad Kushner
Jake Nachmani
SEIDEN LAW GROUP LLP
322 Eighth Avenue, Suite 1704
New York, NY 10001
Telephone: (646) 766-1914

*Attorneys for Lior Dagan as Foreign Representative of*
*Michael David Greenfield (a.k.a. Michael Ben-Ari)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re*: | Chapter 15 |
| MICHAEL DAVID GREENFIELD *a.k.a.* MICHAEL BEN-ARI | Case No. 21-11411 (SCC) |
| Debtor in a Foreign Proceeding. | |

**MOTION OF LIOR DAGAN, THE FOREIGN REPRESENTATIVE, FOR ENTRY OF AN ORDER AFFIRMING HIS AUTHORITY TO REALIZE AND TAKE CONTROL OF CERTAIN IDENTIFIED ASSETS OF THE DEBTOR AND ASSETS OF THE DEBTOR THAT MAY BE IDENTIFIED IN THE FUTURE WITHIN THE UNITED STATES AND REPATRIATE THOSE ASSETS TO ISRAEL**

Lior Dagan, in his capacity as the Court-appointed trustee and foreign representative ("Trustee" or "Foreign Representative") of debtor Michael David Greenfield ("Greenfield," a.k.a. Michael David Ben-Ari, or the "Debtor"), respectfully moves this Court pursuant to U.S.C. § 1521(a) and (b) for an order affirming the Foreign Representative's authority to realize and take control of certain non-reserved assets and reserved assets of the Debtor ("Identified Assets") and other non-reserved assets and reserved assets of the Debtor that may be identified in the future ("Unidentified Assets" collectively, with the Identified Assets, "Assets") within the United States and repatriate those Assets to Israel in an account held by the Foreign Representative as a trustee of the Debtor (as to the motion, the "Motion"). In support of the Motion, the Foreign

1

Representative submits the Declaration of Amiad Kushner and the Declaration of Roman Peltsman and respectfully states as follows[1]:

## PRELIMINARY STATEMENT

The Trustee, as the Foreign Representative of the Debtor and within the meaning of U.S.C. § 101(24), has been entrusted with the authority to administer, realize, and dispose of any assets of the Debtor located in the United States ("Non-Reserved Assets"), excluding those assets that are reserved to the United States Department of Justice's authority ("Reserved Assets"). By this Motion, the Foreign Representative seeks authority to repatriate to Israel in an account held by the Foreign Representative as a trustee of the Debtor the Assets.

Specifically, the Foreign Representative seeks confirmation of his authority to repatriate to Israel: (i) all Non-Reserved, identified assets held in an escrow account controlled by Seiden Law Group LLP, the undersigned counsel of record for the Foreign Representative; (ii) all Non-Reserved and currently unidentified assets, which upon investigation, the Foreign Representative may locate and identify in the future; and (iii) all Reserved assets, identified and unidentified, conditional upon the agreement of the DOJ, which may be evidenced to the Court in a manner determined by the DOJ. As set forth below, the Court's October 2021 order provides the Foreign Representative with the authority to repatriate these Assets.

---

[1] Capitalized terms not otherwise defined herein have the same meanings as ascribed to them in the Trustee's Verified Petition under Chapter 15 (ECF 2) ("Verified Petition") and the Court's order dated October 21, 2021 (ECF 20) ("October 2021 Order"). References to "Ex. A" are to an exhibit annexed to the declaration of Amiad Kushner filed concurrently herewith and in support the Motion ("Kushner Decl."). References to "Kushner Decl. ¶_" and the Peltsman Decl. ¶_" are to paragraphs of the Declaration of Amiad Kushner and the Declaration of Roman Peltsman, respectively, filed concurrently herewith and in support of the Motion. All emphases are added, and all internal quotations and citations are omitted.

## JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(P). Venue is proper in this District pursuant to 28 U.S.C. § 1410.

## PROCEDURAL BACKGROUND

On May 20, 2021, the Israeli Court issued orders to consolidate the foreign insolvency proceedings that had been commenced separately against Greenfield and his Company (the "Foreign Proceedings"). *See* Verified Petition at ¶28. In the Foreign Proceedings, the Foreign Representative was appointed as a permanent trustee and was granted investigative powers by the Israeli Court. *See* Verified Petition at ¶30.

On August 3, 2021, the Foreign Representative commenced these Chapter 15 proceedings by filing a petition for recognition of a foreign main proceeding and related relief. *See* Verified Petition. On August 5, 2021, pursuant to U.S.C. §§ 1515 and 1517, the Court approved the Foreign Representative's Verified Petition and granted recognition of: (i) of the Foreign Proceeding as a "foreign main proceeding"; and (ii) of Lior Dagan as the Foreign Representative of the Debtor. *See* ECF 10 at ¶¶3-4 ("August 2021 Order").

Pursuant to the August 2021 Order, the Foreign Representative has collected hundreds of thousands of dollars in assets owned by the Debtor that were in the custody of several financial institutions and has since placed those assets into an escrow account controlled by Seiden Law Group LLP, the undersigned counsel of record for the Foreign Representative ("Escrow Account"). *See* Kushner Decl. at ¶4. Likewise, the Foreign Representative continues to search for additional assets of the Debtor located within the United States. *See* Kushner Decl. at ¶4.

On October 20, 2021, the Court granted an order for further relief pursuant to section 1521 of the Bankruptcy Code (ECF 20) ("October 2021 Order"). The October 2021 Order stated that the "Foreign Representative is entrusted with the ***administration and realization of all of the Debtor's assets located in the United States*** and is established as the exclusive authority to administer the Debtor's assets and affairs in the United States, except as to the Reserved Assets." *See* October 2021 Order at ¶5. The Order also authorized the Foreign Representative "***to transfer encumber, relinquish or otherwise dispose of any assets of the Debtor located in the United States***." *Id.* Similarly, the Court reiterated that "Foreign Representative is entitled to all of the relief available pursuant to sections 1521(a)(4)-(5) of the Bankruptcy Code ***without limitation***, because those protections are necessary to effectuate the purposes of chapter 15 of the Bankruptcy Code, to protect the assets of the Debtor and the interests of his creditors." *See id.* at ¶4.

On January 26, 2022, the Israeli Court issued an order specifically related to the relief which the Foreign Representative seeks by this Motion ("January 2022 Order"). *See* Ex. A. Specifically, the Israeli Court stated that the Foreign Representative is "***entitled and authorized to take possession of and/or realize all assets and rights***" of the Debtor "***and/or all assets and rights of corporations the Debtor's (direct or indirect) control, which are located in the US***." *Id* at ¶1. The Israeli Court also stated that the "***Trustee is authorized to take possession of all of the Debtor's Assets and Rights in the US, and the Trustee is entitled and authorized to transfer them to the creditors' pool in Israel***." *Id.* at ¶2.

## **RELIEF REQUESTED**

11 U.S.C. § 1521(a)(5) ("1521(a)(5)") provides that a court may entrust a foreign representative with the "administration or realization of all or part of the debtor's assets within the territorial jurisdiction of the United States." 11 U.S.C. § 1521(b) ("1521(b)") provides that the

4

Court may "entrust the distribution of all or part of the debtor's assets located in the United States to the foreign representative."

Here, the October 2021 Order suggests but is otherwise silent with respect to the Foreign Representative's authority to distribute the Assets to Israel. Accordingly, the Foreign Representative hereby seeks confirmation of that authority, which falls squarely within the parameters of the discretionary relief available under 1521(a)(5) and 1521(b). *See In re Agrokor d.d.*, 591 B.R. 163, 188 (Bankr. S.D.N.Y. 2018) ("The Court's discretionary relief under section 1521 of the Code may either allow the foreign representative to merely administer the debtor's assets in the United States, but require that those assets remain here, or may allow the foreign representative to remove the debtor's assets from the United States."); *see also In re Atlas Ship. A/S*, 404 B.R. 726, 740 (Bankr. S.D.N.Y. 2009) ("There are two forms of discretionary entrustment a court can order under § 1521. Section 1521(a)(5) permits the court to order entrusting the administration or realization of all or part of the debtor's assets in the United States to the foreign representative … In addition, under § 1521(b), the foreign representative may be entrusted with the distribution of all, or part of the debtor's assets located in the United States ... if the interests of local creditors are sufficiently protected.").

A court's exercise of its discretion in granting post-recognition relief to a foreign representative is based on the following elements: (i) the relief must be "necessary to effectuate the purposes of [chapter 15] and to protect the assets of the debtor" (1521(a)); (ii) the Court must be satisfied that "the interest of the creditors and other interested entities, including the debtor, are sufficiently protected" (U.S.C. §1522(a)); and (iii) there is an emphasis on the sufficient protection of the interests of U.S. creditors when it pertains to entrustment for the purposes of distribution of assets. 1521(b).

Here, all three elements for the Court's granting discretionary relief pursuant to 1521(b) are readily satisfied. As to the first element, whether the relief sought is necessary to further the goals and purposes of chapter 15, "[C]hapter 15 specifically contemplates that the court should be guided by principles of comity and cooperation with foreign courts in deciding whether to grant the foreign representative additional post-recognition relief." *See In re Atlas Ship. A/S,* 404 B.R. 726, 738 (Bankr. S.D.N.Y. 2009).

The January 2022 Order by the Israeli Court explicitly authorizes the Foreign Representative to repatriate to Israel the Debtor's U.S.-based assets. Specifically, the January 2022 Order provides that the Foreign Representative is "***entitled and authorized to take possession and/or realize all assets and rights***" of the Debtor and/or corporations under the Debtor's (direct or indirect) control, which are located in the US. Ex. A at 1. Moreover, the January 2022 Order explicitly authorizes the Foreign Representative to transfer the Debtor's U.S. assets "***to the creditor's pool in Israel, at his discretion, into the trust account***." Ex. A at 2. That the Foreign Main Proceeding explicitly authorizes the relief which the Foreign Representative seeks here is the type of comity which this Court should reciprocate by granting post-recognition relief.

As to the second element, the protection of creditors' and other parties' interests, including the debtor's, satisfying this element "requires a balancing of the respective parties' interests." *See In re AJW Offshore, Ltd.,* 488 B.R. 551, 559 (Bankr. E.D.N.Y. 2013); *see also In re PT Bakrie Telecom Tbk*, 628 B.R. 859, 876 (Bankr. S.D.N.Y. 2021) ("Courts have acknowledged that the policy underlying [Section] 1522 is that there should be a balance between relief that may be granted to the foreign representative and the interests of the person that may be affected by such relief."). Here, in the event the Court grants this Motion, all relevant parties' interests are protected. The Debtor's interests are promoted by allowing the Trustee to consolidate the

disposition of these assets in the situs of the main proceeding, rendering significant efficiencies in litigating the administration and distribution of these Assets, rather than through piecemeal, international litigation. *See* Peltsman Decl. at ¶7. Further, the Debtor is currently represented by an attorney in the Israeli Proceedings. *See* Peltsman Decl. at ¶7.

The third element is also readily satisfied. The creditors' interests are sufficiently protected because, even though the Assets may be repatriated, any U.S.-based creditors will be able to assert their rights in the Israeli Proceeding. *See* Peltsman Decl. at ¶8. *See In re Atlas Ship. A/S,* 404 B.R. at 742 (recognizing that foreign main proceedings allow creditors from all countries to protect their interests and prevent those creditors from having to "scour the globe for the debtor's assets."); *In re Milovanovic,* 357 B.R. 250, 257 (Bankr. S.D.N.Y. 2006) (transfer of funds abroad did not prejudice rights of creditors because creditors' rights in the foreign proceedings were reserved.). Further, the Foreign Representative intends to distribute the Debtor's assets pro-rata amongst all the Debtor's creditors, irrespective of where they are located. *See* Peltsman Decl. at ¶9.

## NO PRIOR REQUEST

No previous request for the relief requested herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Foreign Representative respectfully requests that this Court enter an order pursuant to 11 U.S.C. § 1521(a)(5) and 1521(b) confirming his authority to repatriate to Israel: (i) all Non-Reserved, identified assets held in the Escrow Account; (ii) all Non-Reserved and currently unidentified assets, which upon investigation, the Foreign Representative may locate and identify in the future; and (iii) all Reserved assets, identified and unidentified, conditional upon the agreement of the DOJ, which may be evidenced to the Court in a manner determined by the DOJ.

Dated: March 9, 2022
New York, New York

                                    Respectfully Submitted,

                              SEIDEN LAW GROUP LLP

                              <u>*/s/ Amiad Kushner*</u>
                              Amiad Kushner
                              Jake Nachmani
                              akushner@seidenlawgroup.com
                              jnachmani@seidenlawgroup.com
                              322 Eighth Avenue, Suite 1704
                              New York, NY 10001
                              Telephone: (646) 766-1914

                              *Attorneys for Lior Dagan as Foreign Representative of Michael David Greenfield (a.k.a. Michael Ben-Ari)*