Amiad Kushner
Jake Nachmani
Dov Gold
SEIDEN LAW GROUP LLP
322 Eighth Avenue, Suite 1704
New York, NY 10001
Telephone: (646) 766-1914

*Attorneys for Lior Dagan as Foreign Representative of
Michael David Greenfield (a.k.a. Michael Ben-Ari)*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| MICHAEL DAVID GREENFIELD a.k.a. MICHAEL BEN-ARI | Case No. 21-11411 (SCC) |
| Debtor in a Foreign Proceeding. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE FOREIGN REPRESENTATIVE'S MOTION PURSUANT TO FED. R. BANKR. P. 9019(a) FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AGREEMENTS**

Lior Dagan, in his capacity as the Court-appointed trustee and foreign representative ("Trustee" or "Foreign Representative") of debtor Michael David Greenfield ("Greenfield," a.k.a. Michael David Ben-Ari, or the "Debtor"), respectfully submits this memorandum of law, together with the Declaration of Roman Peltsman, in support of his motion pursuant to Bankruptcy Rule 9019(a) for an order approving two settlement agreements with certain U.S. based family members

1

of the Debtor and their respective trusts (as to the motion, the "Motion")[1] that have been approved by the court in Israel.[3]

## PRELIMINARY STATEMENT

The Trustee, as the Foreign Representative of the Debtor and within the meaning of U.S.C. § 101(24) and pursuant to the Orders of the Court, has been entrusted with the authority to administer, realize, and dispose of any assets of the Debtor located in the United States and repatriate them to Israel, excluding those assets that are reserved to the United States Department of Justice's authority. By this Motion, the Foreign Representative seeks authority to approve the Motion.

## JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(P). Venue is proper in this District pursuant to 28 U.S.C. § 1410.

## BACKGROUND

On May 20, 2021, the Israeli Court issued orders to consolidate the foreign insolvency proceedings that had been commenced separately against Greenfield and his Company (the "Foreign Proceedings"). *See* Verified Petition at ¶28. In the Foreign Proceedings, the Foreign

---

[1] This Court's approval is a condition for effectiveness of both settlement agreements. *See In re: Cinque Terre Fin. Grp. Ltd.*, No. 16-11086 (JLG), 2017 WL 4843738, at *10 (Bankr. S.D.N.Y. Oct. 24, 2017) (finding the Court has the authority to apply Bankruptcy Rule 9019 in Chapter 15 cases.).

[3] Capitalized terms not otherwise defined herein have the same meanings as ascribed to them in the Trustee's Verified Petition under Chapter 15 (ECF 2) ("Verified Petition") and the Court's order dated October 21, 2021 (ECF 20) ("October 2021 Order"). References to the Peltsman Decl. ¶_" are to paragraphs of the Declaration of Roman Peltsman, respectively, filed concurrently herewith and in support of the Motion. All emphases are added, and all internal quotations and citations are omitted.

Representative was appointed as a permanent trustee and was granted investigative powers by the Israeli Court. *See* Verified Petition at ¶30.

On August 3, 2021, the Foreign Representative commenced these Chapter 15 proceedings by filing a petition for recognition of a foreign main proceeding and related relief. *See* Verified Petition. On August 5, 2021, pursuant to U.S.C. §§ 1515 and 1517, the Court approved the Foreign Representative's Verified Petition and granted recognition of: (i) the Foreign Proceeding as a "foreign main proceeding"; and (ii) Lior Dagan as the Foreign Representative of the Debtor. *See* ECF 10 ¶¶3-4 ("August 2021 Order").

On October 20, 2021, the Court issued an order for further relief pursuant to section 1521 of the Bankruptcy Code (ECF 20) ("October 2021 Order"). The October 2021 Order stated that the "Foreign Representative is entrusted with the ***administration and realization of all of the Debtor's assets located in the United States*** and is established as the exclusive authority to administer the Debtor's assets and affairs in the United States, except as to the Reserved Assets." *See* October 2021 Order at ¶5. The Order also authorized the Foreign Representative "***to transfer encumber, relinquish or otherwise dispose of any assets of the Debtor located in the United States***." *Id.* Similarly, the Court reiterated that "Foreign Representative is entitled to all of the relief available pursuant to sections 1521(a)(4)-(5) of the Bankruptcy Code ***without limitation***, because those protections are necessary to effectuate the purposes of chapter 15 of the Bankruptcy Code, to protect the assets of the Debtor and the interests of his creditors." *See id.* ¶4. On May 10, 2022, the Court granted an order for further relief that Foreign Representative "entrusted with the exclusive authority to administer, realize, and distribute the Debtor's Non-Reserved Assets [4]

---

[4] The May 10, 2022 Order defined Non-Reserved Assets as "certain U.S.-based identified non-reserved assets of the Debtor and U.S.-based non-reserved but unidentified assets of the Debtor that may be identified in the future."

3

pursuant to 11 U.S.C. §§1521(a)(5) and 1521(b) and specifically repatriate the Non-Reserved Assets to Israel."

### Litigation and Settlement with Alice Ann Greenfield

On or about January 27, 2022, the Foreign Representative commenced in the Israeli Court a Motion for Provision of Instructions[5] in which he alleged Alice Ann Greenfield ("Alice") received sums totaling $490,000 from the Debtor and his fraudulent scheme that constitute fraudulent transfers, inter alia, under Section 221 of Israeli Insolvency Law. Peltsman Decl. ¶7. On or about April 26, 2022, the Foreign Representative entered into a settlement agreement with Alice, individually and as trustee of the Alice A. Greenfield Family Trust and the Alice A. Greenfield Irrevocable Trust (the "Alice Settlement"). Peltsman Decl. ¶8, Exhibit A. The Alice Settlement was made subject to approval of both this Court and the Israeli Court under Section 2 of the agreement. Peltsman Decl. ¶9. The Israeli Court approved the Alice Agreement on May 8, 2022 after the Israeli insolvency commissioner approved it and no objection was raised by creditors. Peltsman Decl. ¶9.

Alice is the mother of the Debtor who received certain sums totaling $490,000 from the Debtor and his fraudulent scheme according to the Foreign Representative's investigation. Peltsman Decl. ¶10. The Foreign Representative, together with his counsel, determined that settling the dispute for $311,000 was prudent, decision considering the chances of success, duration, risks, and cost of continued litigation. *See* Peltsman Decl. ¶11. Further, the Alice Settlement preserves any rights or claims that the Debtor may have to Alice's life insurance policy.

---

[5] Any time the Foreign Representative commences a claim within the Israeli Insolvency proceedings, it is called a Motion for Provision of Instructions. Peltsman Decl. footnote 1.

4

Peltsman Decl. ¶11. The Alice Settlement also includes a representation from Alice that no funds were received beyond the $490,000 and only releases known claims. Peltsman Decl. ¶11.

### Litigation and Settlement with Jonathan Greenfield and Elysa Greenfield

On or about January 26, 2022, the Foreign Representative commenced in the Israeli Court a Motion for Provision of Instructions in which he alleged Jonathan Greenfield received sums totaling $1,224,300 from the Debtor and his fraudulent scheme that constitute fraudulent transfers, inter alia, under Section 221 of Israeli Insolvency Law. Peltsman Decl. ¶12. On or about May 13, 2022, the Foreign Representative entered into a settlement agreement with Jonathan Greenfield and Elysa Greenfield[6], each individually and as trustees of the Greenfield Family Trust (the "Jonathan Settlement"). *See* Peltsman Decl. ¶13, Exhibit B. The Jonathan Settlement was made subject to approval of both this Court and the Israeli Court under Section 2 of the agreement. The Israeli Court approved the Jonathan Settlement on May 16, 2022, after the Israeli insolvency commissioner approved it and no objection was raised by creditors. Peltsman Decl. ¶14.

The Foreign Representative, together with his counsel, determined that settling the dispute for a non-dischargeable amount of $680,000 was prudent, considering the chances of success, duration, cost, and risks of continued litigation, particularly given that certain sums at issue were used to purchase property located at 7431 Liz Court, Canoga Park, CA 91304 (the "Property"). Peltsman Decl. ¶15. The Jonathan Settlement preserves any rights or claims that the Debtor has to Alice's life insurance policy. Peltsman Decl. ¶16. The Jonathan Settlement also includes a representation that no funds were received beyond the those described in certain loan documents with the Debtor and only known claims are released. Peltsman Decl. ¶16. In the event of a default,

---

[6] Elysa Greenfield is married to Jonathan Greenfield who is the Debtor's brother. Peltsman Decl. footnote 2.

5

the Foreign Representative has obtained a non-dischargeable $1,000,000 confession of judgment (less any payments made) in addition to a consensual *lis pendens* on the Property; thus disincentivizing default and increasing the likelihood that the settlement amount will be collected. Peltsman Decl. ¶17.

## RELIEF REQUESTED

The Foreign Representative respectfully requests that this Court enter an order substantially in the form of the Proposed Order, approving the Alice Settlement and the Jonathan Settlement (the "Settlement Agreements"), pursuant to Bankruptcy Rule 9019(a).

## ANALYSIS

Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement." Bankruptcy Rule 9019(a) "empowers the Bankruptcy Court to approve compromises and settlements if they are in the best interests of the estate." *In re Drexel Burnham Lambert Grp., Inc.,* 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991).

In determining whether to approve a proposed settlement pursuant to Bankruptcy Rule 9019(a), a court must find that the proposed settlement is fair and equitable, reasonable, and in the best interests of the debtor's estate. *See Protective Comm. for Independent Stockholders of TMT Trailer Ferry Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re NII Holdings, Inc.*, 536 B.R. 61, 98 (Bankr. S.D.N.Y. 2015). A decision to approve a particular compromise or settlement is within the sound discretion of the bankruptcy court. *In re Drexel Burnham Lambert Grp., Inc.*, 134 B.R. at 505. It is appropriate for the court to consider the opinions of the trustee or debtor in possession that a settlement is fair and reasonable. *Nellis v. Shugrue*, 165 B.R. 115, 122 (S.D.N.Y. 1994). In addition, the bankruptcy court should exercise its discretion "in light of the general public policy

favoring settlements." *In re Hibbard Brown & Co.*, 217 B.R. 31 (Bankr. S.D.N.Y. 1998); *see also Shugrue*, 165 B.R. at 123 ("the general rule [is] that settlements are favored and, in fact, encouraged by the approval process outlined above").

To approve a proposed settlement, courts "need not conduct a mini-trial" or definitively decide the numerous issues of law and fact raised by the settlement. *In re Dewey & LeBoeuf LLP*, 478 B.R. 627, 641 (Bankr. S.D.N.Y. 2012) (internal quotations omitted). Rather, courts should "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983); *Dewey & LeBoeuf LLP*, 478 B.R. at 641 (same).

In deciding whether a particular settlement falls within the "range of reasonableness," courts consider the following "Iridium" factors: (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay"; (3) the paramount interests of creditors; (4) whether other parties in interest support the settlement; (5) "the nature and breadth of releases to be obtained by officers and directors"; (6) the "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing the settlement; and (7) "the extent to which the settlement is the product of arm's-length bargaining." *In re Iridium Operating LLC,* 478 F.3d 452, 456 (2d Cir. 2007) (internal citations and quotations omitted).

The Foreign Representative respectfully submits that each of the *Iridium* factors weighs in favor of this Court's approval of the Settlement Agreements.

**The Settlement Agreements Fall Within the Range of Reasonableness**

7

In the instant case, weighing the reasonableness factors for purposes of Rule 9019, the Foreign Representative has concluded that the Settlement Agreements should be approved.

First, the Settlement Agreements will resolve all known claims arising from and solely related to the transfers made by Debtor to three of his family members. The Foreign Representative is preserving rights related to Alice's life insurance policy.

Second, further litigation would result in unnecessary expense, inconvenience, and delay, particularly given that the agreed settlement amounts represent over half of the alleged sums sent by the Debtor to three of his family members, and that the cost of continued litigation could minimize any future recovery.

Thirdly, the creditors will benefit from the Foreign Representative's judicious use of resources to marshal the Debtor's global assets in an efficient and cost-effective manner.

Finally, the Settlement Agreements are the product of arm's-length negotiations, and represent their collective, good faith determination of the prospects of any litigation.

Accordingly, the Foreign Representative submits that the settlement and compromise embodied in the Settlement Agreements are appropriate in light of the relevant factors, are fair and equitable, and should be approved.

## **NOTICE**

Notice of the Motion has been given by ECF to parties who have appeared on the docket and by email to (1) the Debtor and his foreign counsel, (2) the foreign counsel for the creditors, (3) the International Unit of the Money Laundering & Asset Recovery Section of the U.S. Department of Justice, and (4) counsel for the parties to the Settlement Agreements.

## **NO PRIOR REQUEST**

No previous request for the relief requested herein has been made to this or any other court.

## **CONCLUSION**

WHEREFORE, the Foreign Representative respectfully requests that the Court enter the proposed Order annexed hereto as Exhibit C approving the Settlement Agreements and granting such additional and further relief as the Court deems just and appropriate.

Dated: June 2, 2022
New York, New York

                                             Respectfully Submitted,

                                             SEIDEN LAW GROUP LLP

                                             */s/ Amiad Kushner*
                                             Amiad Kushner
                                             Jake Nachmani
                                             Dov Gold
                                             akushner@seidenlawgroup.com
                                             jnachmani@seidenlawgroup.com
                                             dgold@seidenlawgroup.com
                                             322 Eighth Avenue, Suite 1704
                                             New York, NY 10001
                                             Telephone: (646) 766-1914

                                             *Attorneys for Lior Dagan as Foreign*
                                             *Representative of Michael David*
                                             *Greenfield (a.k.a. Michael Ben-Ari)*