## SETTLEMENT AGREEMENT

Lior Dagan ("Dagan") in his capacity as the court-appointed trustee of Michael David Greenfield aka Michael David Ben-Ari ("Debtor") and EGFE Israel Ltd ("EGFE") (collectively "Debtors") in consolidated insolvency proceedings ("Israeli Proceedings") in the District Court for the District of Tel Aviv-Yafo ("Israeli Court") and as the Foreign Representative for Debtor in the United States Bankruptcy Court for the Southern District of New York (Case No. 21-11411-scc), and Alice Ann Greenfield individually and as Trustee of the Alice A. Greenfield Family Trust, and Alice A. Greenfield Irrevocable Trust (collectively "Alice") (Dagan and Alice, collectively the "Parties") hereby agree as follows:

### Recitals

WHEREAS, on or about January 27, 2022 Dagan commenced in the Israeli Court a Motion for Provision of Instructions ("Motion Proceeding") in which he alleges that Alice received sums totaling USD $490,000 from Debtors' (the "Claimed Amount") fraudulent Ponzi scheme that constitute fraudulent transfers, inter alia, under Section 221 of Israeli Insolvency Law;

WHEREAS, the Parties wish to promptly settle and resolve all controversies and claims between them in order to avoid further professional fees and expenses that would be incurred through litigation; and

WHEREAS, Alice disputes that Dagan has any valid claims against them, and does not admit to any allegations made herein.

NOW, THEREFORE, in consideration of the premises and covenants contained herein, the parties enter into this Settlement Agreement under the following terms and conditions:

### TERMS AND CONDITIONS

*AG*

1. <u>Recitals</u>. The above recitals are incorporated herein and made a part hereof and each of the Parties acknowledges that each recital is believed to be true and correct to the Parties' knowledge, information and belief and each is a material inducement to enter into this Settlement Agreement.

2. <u>Authority</u>. The signatories and parties to this Settlement Agreement each acknowledge they have the authority to execute this Settlement Agreement and that this Settlement Agreement shall be binding on each of the Parties and entities executing this Settlement Agreement. The Parties agree that the Settlement Agreement is subject to approval by the Israeli Court and the United States Bankruptcy Court for the Southern District of New York pursuant to Bankruptcy Rule 9019.

3. <u>Settlement Consideration.</u> In consideration for the full and final settlement of all known claims between the Parties, it is agreed as follows:

   3.1 Within 5 days from the Israeli Court's approval of the Settlement Agreement, Alice shall pay Dagan the sum of $311,000 (the "Settlement Amount"). Said payment shall be made payable to Dagan's escrow account for which the wire instructions shall be made available and held there until the Settlement Agreement is approved by the United States Bankruptcy Court for the Southern District of New York pursuant to Bankruptcy Rule 9019.

   3.2 Upon receiving the Settlement Amount, Dagan agrees to (i) dismiss the Motion Proceeding within 5 business days; and (ii) withdraw the subpoena for testimony issued to Alice as well as the subpoenas to David Roschko and Allan Teplinsky. Dagan further agrees to submit the Settlement Agreement to the United States Bankruptcy Court for the Southern District of New York pursuant to Bankruptcy Rule 9019 within 30 days of receiving the

Settlement Amount. Dagan's agreement to submit the Settlement Agreement to the United States Bankruptcy Court for the Southern District of New York for approval has no bearing on whether the Israeli Court has jurisdiction over Alice or any other person.

        3.3     Notwithstanding the provisions of section 3.2 of this Settlement Agreement, Alice shall deliver the documents requested in the Subpoena to Produce Documents, 60 days after the Israeli Court's approval of the Settlement Agreement.

        4.     Default and Remedies. In the event any payment due herein is not timely made, Alice shall be deemed to be in default of this Settlement Agreement. Upon default and after the expiration of a five-business day cure period, Dagan shall be entitled to a judgment against Alice for $490,000, less payments made hereunder.

        5.     Releases. Except for the obligations and undertakings set forth in this Settlement Agreement, for valuable consideration, the receipt and sufficiency of which is acknowledged, the Parties shall release each other with respect to the Motion Proceeding and all known claims once the Settlement Amount has been paid to Dagan. For clarity, Dagan reserves any rights or claims the Debtors have to the life insurance policy on the life of Alice Ann Greenfield, the Alice A. Greenfield Family Trust, and Alice A. Greenfield Irrevocable Trust.

        6.     Representations and Warranties by Parties. Alice warrants and represents that she has not received and/or sent any other transfers funds directly or indirectly to/from the Debtors or from any other entity under the control of the Debtor, except as alleged in the Motion Proceeding and herein set forth. The Parties hereby represent and warrant that: (a) they have been represented and advised by, and have had the opportunity to have the terms used herein and consequences thereof explained by, their respective counsel in connection with this Settlement Agreement and the releases contained herein prior to executing this Settlement Agreement and

*AG*

they fully understand this Settlement Agreement; (b) they have entered into the Settlement Agreement freely, voluntarily, and knowingly, of their own choice, and not under coercion or duress.

7.    Attorneys' Fees. In the event either party is required to enforce this Settlement Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and court costs.

8.    Successors and Assigns. The provisions of this Settlement Agreement shall be binding upon and shall extend to the benefit of the Parties, their legal successors, assigns, heirs, personal representatives and administrators, and shall be enforceable against them in accordance with its terms.

9.    Israeli Law. This Settlement Agreement shall be construed in accordance with and governed by the laws of the State of Israel. The Parties agree that the exclusive venue for any litigation between them shall lie in the District Court for the District of Tel Aviv-Yafo within the Israeli Proceedings, except that the release provided in Section 5 shall also be enforceable in United States Bankruptcy Court for the Southern District of New York.

10.    Further Assurances and Cooperation. The Parties shall execute, acknowledge and deliver, or cause to be executed, acknowledged and delivered, all further documents, and take all acts or cause such acts to be taken, as shall be reasonably necessary or convenient to carry out the provisions of this Settlement Agreement.

11.    No Waiver. The failure by a party to enforce, at any time or for any period of time, any one or more of the terms or conditions of this Settlement Agreement, or a course of dealing between the Parties, shall not be a waiver of such terms or conditions or of such party's right thereafter to enforce each and every term and condition of this Settlement Agreement. No such failure to enforce the terms of this Settlement Agreement shall be construed as an implied

*AG*

amendment or agreement to amend or modify any provision of this Settlement Agreement.

12. <u>Counterparts</u>. This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which shall constitute one and the same agreement.

DATED this 26 day of April, 2022.

Alice Ann Greenfield, individually
and as Trustee of the Alice A. Greenfield Family Trust,
and the Alice A. Greenfield Irrevocable Trust

*Alice A. Greenfield*

Lior Dagan, as Trustee of the Debtors and Foreign Representative