**1**

## SETTLEMENT AGREEMENT

Lior Dagan ("Dagan") in his capacity as the court-appointed trustee of Michael David Greenfield aka Michael David Ben-Ari ("Debtor") and EGFE Israel Ltd ("EGFE") (collectively "Debtors") in consolidated insolvency proceedings ("Israeli Proceedings") in the District Court for the District of Tel Aviv-Yafo ("Israeli Court") and as the Foreign Representative for Debtor in the United States Bankruptcy Court for the Southern District of New York (Case No. 21-11411-scc), and Jonathan and Elysa Greenfield individually and as Trustees of the Greenfield Family Trust (collectively the "Greenfields") (Dagan and the Greenfields, collectively the "Parties") hereby agree as follows:

### Recitals

**WHEREAS,** on or about January 26, 2022 Dagan commenced in the Israeli Court a Motion for Provision of Instructions ("Motion Proceeding") in which he alleges that the Jonathan Greenfield received sums totaling USD $1,224,300 from Debtors' (the "Claimed Amount") fraudulent Ponzi scheme;

**WHEREAS,** Dagan maintains that the Greenfields obtained title to the property located at 7431 Liz Court, Canoga Park, CA 91304 (the "Property") in a transaction that constituted, inter alia, a fraudulent transfer under Section 221 of Israeli Insolvency Law. The Greenfield's dispute this contention;

**WHEREAS,** Dagan has further evidence that the Greenfields assisted the Debtors in dissipating the Property and facilitated the fraudulent transfer (under Section 221 of Israeli Insolvency Law) of the Property with wrongful intent. The Greenfield's dispute this contention;

**WHEREAS,** the Greenfields have been served with process in connection with the

1

5

Motion Proceeding but have not appeared in or conceded the jurisdiction of the Israeli Court over them in the Motion Proceeding.

**WHEREAS**, Dagan maintains there is jurisdiction over the Greenfields in Israel.

**WHEREAS**, the Parties wish to promptly settle and resolve all controversies and claims between them to avoid further professional fees and expenses that would be incurred through litigation; and

**WHEREAS**, the Greenfield's dispute that Dagan has any valid claims against them, and do not admit to any allegations made herein.

**NOW, THEREFORE**, in consideration of the premises and covenants contained herein, the parties enter into this Settlement Agreement under the following terms and conditions:

### TERMS AND CONDITIONS

1. <u>Recitals</u>. The above recitals are incorporated herein and made a part hereof and each of the Parties acknowledge that each recital is believed to be true and correct to the reciting Parties' knowledge, information and belief and each is a material inducement to enter into this Settlement Agreement.

2. <u>Authority</u>. The signatories and parties to this Settlement Agreement each acknowledge they have the authority to execute this Settlement Agreement and that this Settlement Agreement shall be binding on each of the Parties and entities executing this Settlement Agreement. The Parties agree that the Settlement Agreement is subject to approval by the Israeli Court and the United States Bankruptcy Court for the Southern District of New York pursuant to Bankruptcy Rule 9019.

3. <u>Consideration.</u> As full and final settlement of all known claims between the

2

Parties, it is agreed that the Greenfields will pay Dagan USD $680,000 (the "Settlement Amount") as follows:

    3.1    Within 60 days of the approval Israeli Court's approval of the Settlement Agreement, USD $500,000 shall be deposited into the SulmeyerKupetz trust account and counsel for the Greenfield's shall provide confirmation of the same. The USD $500,000 shall immediately be released to Dagan once the Settlement Agreement is approved by the United States Bankruptcy Court for the Southern District of New York. In addition, after the Settlement Agreement is approved by the United States Bankruptcy Court, the Greenfields shall pay Dagan USD $2,500 monthly for the next 72 months on the 5th day of each month (the "Monthly Payments"). Said payments shall be made payable to Dagan's escrow account for which the wire and ACH instructions shall be made available.

    3.2    Upon receiving the USD $500,000, Dagan agrees to (i) dismiss the Motion Proceeding within 5 business days; and (ii) withdraw any subpoenas issued to the Greenfields and their son Daniel, and counsel David Roschko and Allan Teplinsky. Dagan further agrees to submit the Settlement Agreement to the United States Bankruptcy Court for the Southern District of New York pursuant to Bankruptcy Rule 9019. Dagan's agreement to submit the Settlement Agreement to the United States Bankruptcy Court for the Southern District of New York for approval has no bearing on whether the Israeli Court has jurisdiction over the Greenfields or any other person.

    4.    <u>Default and Remedies</u>. In the event any payment due herein is not timely made, the Greenfields shall be deemed to be in default of this Settlement Agreement. Upon default and after the expiration of a ten-business day cure period, Dagan shall be entitled to file a lis pendens

on the Property and a signed confession of judgment against the Greenfields for $1,000,000, plus interest, less payments made hereunder. Such signed confession of judgment shall be provided to Dagan concurrently with the signing of the Settlement Agreement and held in escrow by Dagan's US counsel, Seiden Law Group, until such time of a default and after the expiration of a ten-business day cure period.

5. Releases. Except for the obligations and undertakings set forth in this Settlement Agreement, for valuable consideration, the receipt and sufficiency of which is acknowledged, the Parties shall release each other with respect to the Motion Proceeding and all known claims once the Settlement Amount has been fully paid to Dagan. For clarity, Dagan reserves any rights and benefits the Debtors have to the Alice A. Greenfield Family Trust, the Alice A. Greenfield Irrevocable Trust, and/or the life insurance policy on the life of Alice Ann Greenfield. The Greenfields agree that any interest they have had in the life insurance policy has been transferred to the Debtor, including but not limited through Jonathan Greenfield's 1/3 share of the Alice A. Greenfield Family Trust, the Alice A. Greenfield Irrevocable Trust, and/or the benefits of the life insurance policy on the life of Alice Ann Greenfield maintained by the Alice A. Greenfield Irrevocable Trust as described in the December 30, 2019 Unsecured Promissory Note for USD $752,000.

6. Representations and Warranties by Parties. The Greenfields warrant and represent that they have not received and/or sent any other transfers of funds or assets directly or indirectly to/from the Debtors except as alleged in the Motion Proceeding and/or funds/assets the Greenfields received pursuant to to the All-Inclusive Promissory Note dated August 15, 2017 for a variable amount of $501,992 to $751,992, the Unsecured Promissory Note dated December 30,

4

2019 for $752,000, and the Secured Promissory Note dated December 30, 2019 for $700,000. The Parties hereby represent and warrant that: (a) they have been represented and advised by, and have had the opportunity to have the terms used herein and consequences thereof explained by, their respective counsel in connection with this Settlement Agreement and the releases contained herein prior to executing this Settlement Agreement and they fully understand this Settlement Agreement; (b) they have entered into the Settlement Agreement freely, voluntarily, and knowingly, of their own choice, and not under coercion or duress.

7.  Attorneys' Fees.  In the event either party is required to enforce this Settlement Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and court costs.

8.  Successors and Assigns.  The provisions of this Settlement Agreement shall be binding upon and shall extend to and inure to the benefit of the Parties, their legal successors, assigns, heirs, personal representatives and administrators, and shall be enforceable against them in accordance with its terms.

9.  Israeli Law.  This Settlement Agreement shall be construed in accordance with and governed by the laws of the State of Israel.  The Parties agree that the exclusive venue for any litigation between them shall lie in the District Court for the District of Tel Aviv-Yafo within the Israeli Proceedings, except that the release provided in Section 5 shall also be enforceable in United States Bankruptcy Court for the Southern District of New York.

10. Further Assurances and Cooperation.  The Parties shall execute, acknowledge and deliver, or cause to be executed, acknowledged and delivered, all further documents, and take all acts or cause such acts to be taken, as shall be reasonably necessary or convenient to carry out the provisions of this Settlement Agreement.

11. <u>Restrictions</u>. The Greenfields shall not sell, transfer, mortgage, encumber, or alter the title to the Property until such time as the Settlement Amount has been fully paid. However, the Greenfields may sell or mortgage the Property if the whole proceeds of such a transaction are first used to pay the Settlement Amount.

12. <u>Non-dischargeable</u>. This Settlement Agreement is not the creation of a new obligation, and Dagan preserves the right to assert the non-dischargeable (fraudulent) nature of the Claimed Amount and Property in the event that the Settlement Amount is not paid and the Greenfields default.

13. <u>Early Payment</u>. If the Greenfields would like to pay the sum total of all Monthly Payments (totaling $180,000) within 24 months of signing the Settlement Agreement, the Greenfields will be entitled to a 20% payment discount on the sum total of the Monthly Payments (*i.e.*, if the Greenfields pay $144,000 within 24 months, no further Monthly Payments would be due).

14. <u>No Waiver</u>. The failure by a party to enforce, at any time or for any period of time, any one or more of the terms or conditions of this Settlement Agreement, or a course of dealing between the Parties, shall not be a waiver of such terms or conditions or of such party's right thereafter to enforce each and every term and condition of this Settlement Agreement. No such failure to enforce the terms of this Settlement Agreement shall be construed as an implied amendment or agreement to amend or modify any provision of this Settlement Agreement.

15. <u>Counterparts</u>. This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which shall constitute one and the same agreement.

6

10



DATED this 13 day of ~~April~~ MAY, 2022.

Jonathan Greenfield, individually
and as Trustee of the Greenfield Family Trust

*/s/ Jonathan Greenfield*

Elysa Greenfield, individually
and as Trustee of the Greenfield Family Trust

*/s/ Elysa Greenfield*

Lior Dagan, as Trustee of the Debtors and Foreign Representative

*/s/ Lior Dagan*